

# IN THE
# TENH COURT OF APPEALS

### No. 10-09-00429-CV

## IN THE MATTER OF THE MARRIAGE OF
## JANA CATHERINE GRISHAM
## AND
## SIDNEY EUGENE GRISHAM

### From the County Court at Law
### Walker County, Texas
### Trial Court No. 8,997

## MEMORANDUM OPINION

Jana Catherine Grisham appeals the trial court's division of property. Because we find that the trial court did not abuse its discretion in making the division, we affirm.

In her sole issue on appeal, Jana argues that the trial court abused its discretion in its division of the marital estate because the court's division was arbitrary or unreasonable.

### STANDARD OF REVIEW

We review a trial court's division of property under an abuse of discretion standard. *Wells v. Wells*, 251 S.W.3d 834, 838 (Tex. App.—Eastland 2008, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or

principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Wells v. Wells*, 251 S.W.3d at 838.

When an appellant challenges the trial court's order on legal or factual sufficiency grounds, we do not treat these as independent grounds of reversible error but, instead, consider them as factors relevant to our assessment of whether the trial court abused its discretion. *Wells v. Wells*, 251 S.W.3d at 838; *Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.). To determine whether the trial court abused its discretion because the evidence is legally or factually insufficient, we consider whether the court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in the application of that discretion. *Wells v. Wells*, 251 S.W.3d at 838.

### MISCHARACTERIZATION OF PROPERTY

Jana specifically argues that the trial court's characterization of Grisham Petroleum and Grisham Construction as the separate property of Sidney was not supported by the evidence presented to the trial court. The trial court made the following findings of fact relating to the characterization of the two businesses:

> 21. Approximately one month after the marriage, Mr. Grisham made a business decision to change the form in which his separate property was held. This property consisted of property that Mr. Grisham earned and acquired over 19 years prior to marriage. Mr. Grisham did not change the form of his businesses to prevent Mrs. Grisham from making claims against his separate property, but rather for tax and business purposes and to provide, in some part, for his three grown children from a former marriage and his marriage to Mrs. Jana Grisham.

22. To this end, in April 1996, Mr. Grisham exchanged his shares in Grisham Construction Co. and Grisham Petroleum Co. for 96% of the shares in Spring Air Co., Ltd. Each of Mr. Grisham's three children acquired a 1% interest in Spring Air and Country Air acquired 1% interest as the managing partner of Spring Air. Mr. Grisham is the only shareholder of Country Air.

23. Mr. Grisham never received any money or property in exchange for his interests in the two businesses mentioned above. Spring Air was completely funded by Grisham Construction and Grisham Petroleum and the court finds that these entities never lost their separate property character, but mutated to a different form of conducting the same business as prior to marriage and remain his separate property but now he only owns 96% of them.

All property on hand at the dissolution of marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a) (Vernon 2006). It is a rebuttable presumption requiring a spouse claiming assets as separate property to establish its separate character by clear and convincing evidence. TEX. FAM. CODE ANN. § 3.003(b) (Vernon 2006). The characterization of property as community or separate is determined by the inception of title to the property. *In re Marriage of Jordan*, 264 S.W.3d 850, 855 (Tex. App.—Waco 2008 no pet.); *Wells v. Wells*, 251 S.W.3d at 839. Once determined, the character of the property is not altered by the sale, exchange or substitution of the property. *Harris v. Harris*, 765 S.W.2d 798, 802 (Tex. App.—Houston [14th Dist.] 1989, writ den'd). Property established to be separate remains separate property regardless of the fact that it may undergo any number of mutations and changes in form. *Id*.

Both parties agree that Grisham Construction and Grisham Petroleum were owned and operated by Sidney prior to the marriage. Spring Air was formed after the marriage, and both parties agree that it is community property. Sidney testified that he

transferred the stock and assets of Grisham Construction and Grisham Petroleum to Spring Air without receiving monetary compensation for the transfer. Sidney was able to trace the Grisham Petroleum and Grisham Construction assets of Spring Air back to his separate property. Therefore, the exchange did not alter the character of those companies as separate property. *See Harris v. Harris*, 765 S.W.2d at 802. The trial court did not abuse its discretion in finding that Grisham Construction and Grisham Petroleum are the separate property of Sidney.

## VALUE OF COMMUNITY ESTATE

Jana argues that the trial court's valuation of the community estate was not supported by the evidence. Because we find that the trial court did not mischaracterize Grisham Petroleum and Grisham Construction, we need not address Jana's argument that the mischaracterization undervalued the community estate. Jana contends that even if the trial court correctly characterized Grisham Petroleum and Grisham Construction as separate property, the trial court still undervalued the community estate by establishing values not supported by the evidence.

Jana states that the trial court did not reference the valuation or division of Country Air Corporation or Spring Air Realty, LLC in its findings of fact. To be reversible, any error in determining the value of individual items must be so significant that it affects the trial court's just and right division of the property. *See Zeptner v. Zeptner*, 111 S.W.3d 727, 740 (Tex. App.—Fort Worth 2003, no pet.).

Jana states in her brief that the value of Country Air is nominal. The trial court heard evidence that Country Air has a negative value. The trial court stated in its

findings of fact that it based the values entirely upon exhibits entered into evidence and testimony at trial. We find no reversible error concerning the value of Country Air.

The trial court's findings of fact reflect, and the record supports, that Spring Air owned both subsidiaries and real property. The trial court's findings of fact state:

> The court has before it, for division of the community estate, Red Rider Rentals, North 40 Ltd., Greenwood Ltd., real property held by Spring Air, a cattle business, sums of money held by Mrs. Grisham and her retirement funds and possibly an interest in some insurance policies held by Mrs. Grisham. In addition, there are certain liabilities to be divided.

The trial court's findings then detail the value of the community estate. Included in those findings is the value of the real property owned by Spring Air.

> Property #29369 is a piece of property located at the corner of Hwy. 30 and I45. Prior to marriage, Mr. Grisham owned an undivided ½ interest in this parcel. In August of 2007, <u>five</u> years after separation, Spring Air Realty purchased the other ½ interest and in December of 2008, <u>6 years and 9 months</u>, after separation, a construction loan in the amount of $1.1 million was secured and renewed for $1.4 million (figures rounded off). The court believes this wipes out any possible value for years to come. Should this finding be in error, the court further finds that it would be unjust and unfair to award Mrs. Grisham any interest in this property because of the length of separation versus the length of time the parties were together and living as husband and wife. (parties separated 7 ½ years and together as husband and wife 6 years) and further her fault in the break up of this marriage. (Emphasis in original)

Spring Air Realty is part of Spring Air. Sidney testified that Spring Air Realty was formed to develop the property on the corner of Highway 30 and Interstate 45. Sidney formed Spring Air Realty specifically to buy the other half interest in the property.

The entire property owned by Spring Air Realty was valued by the appraisal district at $351,090. Sidney testified that the debt against the property is $1.4 million. The trial court's findings of fact and judgment referenced the value of Spring Air Realty, and the trial court did not abuse its discretion in its findings on the value.

Jana also challenges the trial court's finding that Red Rider Rentals has no equity. The trial court found that Red Rider Rentals operated at a loss for four years. Sidney testified that the "book value" for Red Rider Rentals is negative $687,481. Jana's expert testified that the Red Rider Rentals has a value of $600,000. The expert later testified that using an income approach, it would have a value of $300,000. The trial court considered all the exhibits and testimony concerning the value of Red Rider Rental. There is sufficient evidence to support the trial court's finding that Red Rider Rentals has no equity.

The trial court's findings state that:

> The court has looked to each separate subsidiary to determine its value and to each individual parcel of land, with the liabilities thereon, and those community accounts as reported by and held by Mrs. Grisham. All values are based entirely upon exhibits entered into evidence or from testimony heard during the trial of this cause.

The trial court had sufficient evidence upon which to exercise its discretion in determining the value of the community estate and did not err in the application of its discretion.

### DISPROPORTIONATE DIVISION OF THE COMMUNITY ESTATE

The Family Code requires trial courts to divide the estate of the parties in a manner that is just and right having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001 (Vernon 2006). The trial court has wide discretion in dividing the property of spouses upon divorce. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985). A disproportionate division must have a reasonable basis. *Smith v. Smith*, 143 S.W.3d 206, 214 (Tex. App.—Waco 2004, no pet.).

Jana claims that she was awarded a 4.6% interest in the community estate. Jana states that this figure is based upon the values as determined by the trial court. The trial court's findings state that Jana's half interest in the community estate is $300,621.76. The trial court awarded Jana $80,979.71 after deducting Jana's share of the community liabilities. Having already determined that the trial court did not abuse its discretion in determining the value of the individual assets in the community estate, we do not find that the trial court's division of the property was not just and right. Because we do not find that the trial court's division of property was not just and right, we need not separately address Jana's argument that the trial court incorrectly considered fault in making a disproportionate award. Having considered all of Jana's arguments, we overrule her sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed October 20, 2010
[CV06]