IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00429-CV

 

In the
Matter of the Marriage of

Jana
Catherine Grisham

and

Sidney
Eugene Grisham

 

 



From the County Court at Law

Walker County, Texas

Trial Court No. 8,997

 



MEMORANDUM  Opinion










 

            Jana Catherine Grisham appeals the
trial court’s division of property.  Because we find that the trial court did
not abuse its discretion in making the division, we affirm.

            In her sole issue on appeal, Jana
argues that the trial court abused its discretion in its division of the
marital estate because the court’s division was arbitrary or unreasonable.  

Standard of Review

            We review a trial court's division of
property under an abuse of discretion standard.   Wells v. Wells,  251
S.W.3d 834, 838 (Tex. App.—Eastland 2008, no pet.).  A trial court abuses its
discretion when it acts without reference to any guiding rules or principles.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  The
mere fact that a trial court may decide a matter within its discretionary
authority in a different manner than an appellate court in a similar
circumstance does not demonstrate that an abuse of discretion has occurred.  Wells
v. Wells, 251 S.W.3d at 838.

            When an appellant challenges the trial
court's order on legal or factual sufficiency grounds, we do not treat these as
independent grounds of reversible error but, instead, consider them as factors
relevant to our assessment of whether the trial court abused its discretion.  Wells
v. Wells, 251 S.W.3d at 838; Boyd v. Boyd, 131 S.W.3d 605, 611 (Tex.
App.—Fort Worth 2004, no pet.).  To determine whether the trial court abused
its discretion because the evidence is legally or factually insufficient, we
consider whether the court (1) had sufficient evidence upon which to exercise
its discretion and (2) erred in the application of that discretion.  Wells
v. Wells, 251 S.W.3d at 838. 

Mischaracterization of
Property

            Jana specifically argues that the
trial court’s characterization of Grisham Petroleum and Grisham Construction as
the separate property of Sidney was not supported by the evidence presented to
the trial court.  The trial court made the following findings of fact relating
to the characterization of the two businesses:

            21. Approximately one month after the
marriage, Mr. Grisham made a business decision to change the form in which his
separate property was held.  This property consisted of property that Mr.
Grisham earned and acquired over 19 years prior to marriage.  Mr. Grisham did
not change the form of his businesses to prevent Mrs. Grisham from making
claims against his separate property, but rather for tax and business purposes
and to provide, in some part, for his three grown children from a former
marriage and his marriage to Mrs. Jana Grisham.

 

            22.  To this end, in April 1996, Mr.
Grisham exchanged his shares in Grisham Construction Co. and Grisham Petroleum
Co. for 96% of the shares in Spring Air Co., Ltd.  Each of Mr. Grisham’s three
children acquired a 1% interest in Spring Air and Country Air acquired 1% interest
as the managing partner of Spring Air.  Mr. Grisham is the only shareholder of
Country Air.

 

            23.  Mr. Grisham never received any
money or property in exchange for his interests in the two businesses mentioned
above.  Spring Air was completely funded by Grisham Construction and Grisham
Petroleum and the court finds that these entities never lost their separate
property character, but mutated to a different form of conducting the same
business as prior to marriage and remain his separate property but now he only
owns 96% of them.

 

            All property on hand at the
dissolution of marriage is presumed to be community property.  Tex. Fam. Code Ann. § 3.003(a) (Vernon
2006).  It is a rebuttable presumption requiring a spouse claiming assets as
separate property to establish its separate character by clear and convincing
evidence.  Tex. Fam. Code Ann. §
3.003(b) (Vernon 2006).  The characterization of property as community or
separate is determined by the inception of title to the property.  In re
Marriage of Jordan, 264 S.W.3d 850, 855 (Tex. App.—Waco 2008 no pet.); Wells
v. Wells, 251 S.W.3d at 839.  Once determined, the character of the
property is not altered by the sale, exchange or substitution of the property. 
Harris v. Harris, 765 S.W.2d 798, 802 (Tex. App.—Houston [14th
Dist.] 1989, writ den’d).  Property established to be separate remains separate
property regardless of the fact that it may undergo any number of mutations and
changes in form.   Id.  

            Both parties agree that Grisham
Construction and Grisham Petroleum were owned and operated by Sidney prior to
the marriage.  Spring Air was formed after the marriage, and both parties agree
that it is community property.  Sidney testified that he transferred the stock
and assets of Grisham Construction and Grisham Petroleum to Spring Air without
receiving monetary compensation for the transfer.  Sidney was able to trace the
Grisham Petroleum and Grisham Construction assets of Spring Air back to his
separate property.  Therefore, the exchange did not alter the character of
those companies as separate property.  See Harris v. Harris, 765
S.W.2d at 802.  The trial court did not abuse its discretion in finding that
Grisham Construction and Grisham Petroleum are the separate property of
Sidney.  

Value of Community Estate

            Jana argues that the trial court’s
valuation of the community estate was not supported by the evidence.  Because
we find that the trial court did not mischaracterize Grisham Petroleum and
Grisham Construction, we need not address Jana’s argument that the
mischaracterization undervalued the community estate. Jana contends that even
if the trial court correctly characterized Grisham Petroleum and Grisham
Construction as separate property, the trial court still undervalued the
community estate by establishing values not supported by the evidence.

            Jana states that the trial court did
not reference the valuation or division of Country Air Corporation or Spring
Air Realty, LLC in its findings of fact.  To be reversible, any error in
determining the value of individual items must be so significant that it
affects the trial court’s just and right division of the property.  See
Zeptner v. Zeptner, 111 S.W.3d 727, 740 (Tex. App.—Fort Worth 2003, no
pet.).

            Jana states in her brief that the
value of Country Air is nominal.  The trial court heard evidence that Country
Air has a negative value.  The trial court stated in its findings of fact that
it based the values entirely upon exhibits entered into evidence and testimony
at trial.   We find no reversible error concerning the value of Country Air.

            The trial court’s findings of fact
reflect, and the record supports, that Spring Air owned both subsidiaries and
real property.  The trial court’s findings of fact state:

The court has before it, for division of the community
estate, Red Rider Rentals, North 40 Ltd., Greenwood Ltd., real property held by
Spring Air, a cattle business, sums of money held by Mrs. Grisham and her
retirement funds and possibly an interest in some insurance policies held by
Mrs. Grisham.  In addition, there are certain liabilities to be divided.

 

The trial court’s findings then detail the value
of the community estate.  Included in those findings is the value of the real
property owned by Spring Air.  

Property #29369 is a piece of property located at
the corner of Hwy. 30 and I45.  Prior to marriage, Mr. Grisham owned an
undivided ½ interest in this parcel.  In August of 2007, five years
after separation, Spring Air Realty purchased the other ½ interest and in
December of 2008, 6 years and 9 months, after separation, a construction
loan in the amount of $1.1 million was secured and renewed for $1.4 million
(figures rounded off). The court believes this wipes out any possible value for
years to come.  Should this finding be in error, the court further finds that
it would be unjust and unfair to award Mrs. Grisham any interest in this
property because of the length of separation versus the length of time the
parties were together and living as husband and wife. (parties separated 7 ½
years and together as husband and wife 6 years) and further her fault in the
break up of this marriage. (Emphasis in original)

 

Spring Air Realty is part of Spring Air.  Sidney
testified that Spring Air Realty was formed to develop the property on the
corner of Highway 30 and Interstate 45.  Sidney formed Spring Air Realty
specifically to buy the other half interest in the property.  

            The entire property owned by Spring
Air Realty was valued by the appraisal district at $351,090.  Sidney testified
that the debt against the property is $1.4 million. The trial court’s findings
of fact and judgment referenced the value of Spring Air Realty, and the trial
court did not abuse its discretion in its findings on the value.

            Jana also challenges the trial court’s
finding that Red Rider Rentals has no equity.  The trial court found that Red
Rider Rentals operated at a loss for four years.  Sidney testified that the
“book value” for Red Rider Rentals is negative $687,481.  Jana’s expert
testified that the Red Rider Rentals has a value of $600,000.  The expert later
testified that using an income approach, it would have a value of $300,000. The
trial court considered all the exhibits and testimony concerning the value of
Red Rider Rental.  There is sufficient evidence to support the trial court’s
finding that Red Rider Rentals has no equity.  

            The trial court’s findings state that:

The court has looked to each separate subsidiary
to determine its value and to each individual parcel of land, with the
liabilities thereon, and those community accounts as reported by and held by
Mrs. Grisham.  All values are based entirely upon exhibits entered into
evidence or from  testimony heard during the trial of this cause. 

 

The trial court had sufficient evidence upon which
to exercise its discretion in determining the value of the community estate and
did not err in the application of its discretion.  

Disproportionate Division
of the Community Estate

            The Family Code requires trial courts
to divide the estate of the parties in a manner that is just and right having
due regard for the rights of each party.  Tex.
Fam. Code Ann. § 7.001 (Vernon 2006).   The trial court has wide
discretion in dividing the property of spouses upon divorce.  Jacobs v.
Jacobs, 687 S.W.2d 731, 733 (Tex. 1985).  A disproportionate division must
have a reasonable basis.   Smith v. Smith, 143 S.W.3d 206, 214 (Tex. App.—Waco
2004, no pet.).   

            Jana claims that she was awarded a
4.6% interest in the community estate.  Jana states that this figure is based
upon the values as determined by the trial court.  The trial court’s findings
state that Jana’s half interest in the community estate is $300,621.76.  The
trial court awarded Jana $80,979.71 after deducting Jana’s share of the
community liabilities.  Having already determined that the trial court did not
abuse its discretion in determining the value of the individual assets in the
community estate, we do not find that the trial court’s division of the
property was not just and right.  Because we do not find that the trial court’s
division of property was not just and right, we need not separately address
Jana’s argument that the trial court incorrectly considered fault in making a
disproportionate award.  Having considered all of Jana’s arguments, we overrule
her sole issue on appeal.

Conclusion

            We affirm the trial court’s judgment.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed October 20, 2010

[CV06]