**Opinion filed November 18, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00255-CV
_____

## CHRISTOPHER MILLER, Appellant

## V.

## MADELEINE JEAN MILLER, Appellee

**On Appeal from the 90th District Court**

**Stephens County, Texas**

**Trial Court Cause No. 29,166**

## M E M O R A N D U M   O P I N I O N

Madeleine Jean Miller sued Christopher Andrew Miller[1] (Chris) for divorce. The trial court entered a final decree of divorce based in part on jury questions. Chris has appealed, asserting error in the division of the marital estate. We affirm.

Chris presents seven issues for appellate review. In the first issue, he contends that the trial court abused its discretion by making a manifestly unjust division of the marital estate. In the second issue, Chris asserts that the evidence is insufficient to support the jury's finding that

---

[1]We note that the name shown on the pleadings, the decree, and other documents is Christopher Andrew Miller but that the name shown on the notice of appeal (from which we obtain the appellant's name) is Christopher Miller.

Sunrise Trucking had a value of $1.2 million. He contends in the third issue that the evidence is legally and factually insufficient to support the trial court's valuation of the 40% share of Sunrise Trucking awarded to him. Chris argues in his fourth issue that the evidence is legally and factually insufficient to support the jury's findings regarding fraud and the $477,700 loss caused thereby and in his fifth issue that the trial court erred in awarding the full amount of those fraud damages to Madeleine. In his sixth and seventh issues, Chris complains that several of the trial court's findings of fact and conclusions of law were meaningless and that several of them were not supported by pleadings or evidence.

In an action for divorce, Texas law requires the trial court to divide the estate of the parties in a manner that is "just and right, having due regard for the rights of each party." TEX. FAM. CODE ANN. § 7.001 (Vernon 2006). The trial court need not effectuate an equal division of the marital estate. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). In making its decision, the trial court may consider many factors, including fault, the conduct of the errant spouse, the spouses' capacities and abilities, benefits which the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property. *Id.*; *see Young v. Young*, 609 S.W.2d 758, 761-62 (Tex. 1980).

We review a trial court's division of property under an abuse of discretion standard. *Wells v. Wells*, 251 S.W.3d 834 (Tex. App.—Eastland 2008, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). When an appellant in a divorce proceeding challenges the trial court's order on legal or factual sufficiency grounds, we do not treat these as independent grounds of reversible error but, instead, consider them as factors relevant to our assessment of whether the trial court abused its discretion. *Wells*, 251 S.W.3d at 838; *Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.). To determine whether the trial court abused its discretion because the evidence is legally or factually insufficient, we consider (1) whether the trial court had sufficient evidence upon which to exercise its discretion and (2) whether the trial court erred in the application of that discretion. *Wells*, 251 S.W.3d at 838; *Boyd*, 131 S.W.3d at 611; *Lindsey v. Lindsey*, 965 S.W.2d 589, 592 (Tex. App.—El Paso 1998, no pet.). We must indulge every reasonable presumption in favor of

the trial court's proper exercise of its discretion in dividing marital property. *Wells*, 251 S.W.3d at 841; *Pletcher v. Goetz*, 9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied).

The trial court found that Chris was at fault in the breakup of the marriage and that he had expended community funds to provide a house for and to support a woman other than Madeleine. The community funds used by Chris for such purposes were derived from the parties' ownership of Sunrise Trucking, Inc. The trial court found that the parties acquired Sunrise, a closely held corporation, as community property during their marriage but that Chris, as the controlling shareholder, director, and officer, failed to account for large sums of money earned by Sunrise. In addition to finding that Chris committed fraud on the community, the trial court found that he concealed and misrepresented information regarding the financial affairs of Sunrise.

The trial court did not divide the marital estate equally. It awarded 60% of Sunrise to Madeleine and 40% to Chris. Sunrise's assets included a trucking concern that operated out of Eastland, Texas, and a ranch in Oklahoma. Excluding Sunrise, which the jury had valued at $1.2 million, the trial court awarded assets with a net value of $459,989.69 to Madeleine and assets with a net value of $171,179.28 to Chris.

A review of the record shows that the trial court did not abuse its discretion by dividing the marital estate disproportionately. In addition to fault, evidence of Chris's fraud on the community was before the trial court. Testimony indicated that Chris purchased a house without his wife's knowledge. Chris also furnished the house and paid the monthly bills using Sunrise funds. The evidence indicated that Chris's girlfriend lived in that house. The record shows that Chris purchased a Harley-Davidson motorcycle for $16,000 but, at the time of trial, could not account for the motorcycle or any funds from its sale. Chris sold Sunrise equipment and cattle but, at the time of trial, could not account for the proceeds. The evidence indicated that Chris withdrew a substantial amount of cash from Sunrise and that he could not remember what he had done with the money. Sunrise's accountant testified that stockholder distributions to Chris were $179,658 in 2005, $162,398.97 in 2006, $121,217.66 through the month of June 2007, and about $18,000 plus another $84,400 for July and August 2007. These stockholder distributions were in addition to amounts paid for the extra house, a ranch in Oklahoma, meals, utilities, gas, insurance, fencing, and other expenses related to the ranch. The record shows that, although Sunrise's income was sufficient for Chris to withdraw such substantial amounts of cash and Sunrise's gross revenue was as high as $1.8 million in 2006 and was $1.12 million through

August 2007, Sunrise failed to pay some of its payroll taxes and had incurred tax liens of just over $243,000. Evidence was also introduced that Sunrise, under Chris's control, had overbilled its main customer in excess of one million dollars over a four-year period.

Chris complains on appeal that the jury overvalued Sunrise and that the jury's valuation of Sunrise was not supported by the evidence. There was much debate at trial regarding the value of Sunrise; the opinions varied from negative $50,000 as the net book value of the trucking concern (which included the tax debt but excluded the value of Sunrise's ranch in Oklahoma), to $250,000 as the book value on a "tax basis" – as opposed to the fair market value – of Sunrise, to $1.7 million as a fair market value if Sunrise were valued as a going concern, to an estimated value by Madeleine of between $1.5 million and $1.8 million based on the inventory and Chris's income. Sunrise's CPA testified that the book value of Sunrise is not reflective of its true value and that fair market value is based on other factors, especially the amount of income produced. There was evidence from which the jury could have determined that Sunrise was worth $1.2 million. Moreover, the actual value of Sunrise is of limited importance in this appeal with respect to the trial court's division of the marital property. In its decree, the trial court did not rely on the value of Sunrise but, rather, awarded shares of Sunrise stock to the parties. Thus, regardless of the value of Sunrise or its assets, the ownership of Sunrise was divided 60/40 between the parties.

Chris also asserts that no evidence supports the trial court's finding regarding the value of the acreage awarded to Madeleine and that the trial court undervalued the acreage awarded to Madeleine. Contrary to Chris's assertion, the trial court's finding is supported by Plaintiff's Exhibit No. 42, Madeleine's inventory and appraisement. The exhibit indicated that the equity in the acreage near their Stephens County home was $210,892, the exact amount found by the trial court. Chris appears to have mistaken the amount of net equity in the acreage and the house combined, $439,612.33, for the equity in the acreage alone.

Because of Chris's actions, the lack of paper trails, and the manner in which Sunrise's books were kept, the jury had a difficult task in determining the amount of fraud committed by Chris upon the community. However, there was evidence from which the jury could have found that the community suffered a loss of at least $477,700. Contrary to Chris's assertion, the record does not indicate that the trial court awarded this entire amount to Madeleine. The trial court did not make a finding regarding the amount of fraud but "considered" the jury's finding of fraud on

4

the community in "arriving at a just and right division of the marital estate." The trial court also considered other relevant factors, including the benefits that Madeleine, a school teacher, would have derived from the continuation of the marriage.

We hold that the trial court did not abuse its discretion in its disproportionate division of the Millers' marital estate. The trial court had sufficient evidence upon which to exercise its discretion, and the trial court did not err in its application of that discretion. Issues 1, 2, 3, 4, and 5 are overruled.

In the last two issues, Chris complains that the trial court entered meaningless findings and conclusions and other findings and conclusions that were not supported by the pleadings or the evidence. The trial court's entry of meaningless findings and conclusions, if error, is not reversible error. A review of the record shows that the findings were supported by the evidence at trial.

Chris also complains of the trial court's listing in the decree of some of Sunrise's trucking equipment because there was no testimony regarding such equipment. The record contains various exhibits admitted at trial, including Madeleine's inventory and appraisement, listing not only these specific pieces of equipment but also other Sunrise equipment. As indicated by the trial court, this equipment was owned by Sunrise; it was not included in the trial court's division of the marital property. Furthermore, in light of the evidence regarding Chris's lack of cooperation and his fraudulent acts, the trial court did not abuse its discretion by entering specific orders to effectuate the peaceable transfer of the majority ownership of Sunrise to Madeleine and to order Chris from interfering therewith. Issues 6 and 7 are overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


November 18, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5