Peters v









NO. 12-09-00161-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DAVID HALL,                                               
§                    APPEAL FROM THE 

APPELLANT                        

 

V.                                                                     
§                    COUNTY COURT AT LAW

 

DOXANNE HALL,

APPELLEE                                                    
§                    SMITH COUNTY, TEXAS







            MEMORANDUM
OPINION

            Appellant David Hall appeals the trial court’s final decree of divorce. 
On appeal, David presents four issues.  We affirm.

 

Background

David
and Doxanne Hall were married on December 25, 1985.  David filed for divorce on
February 13, 2006, and Doxanne filed a counterpetition for divorce on April 21,
2006.  Eventually, David nonsuited his petition for divorce, but Doxanne’s
counterpetition proceeded to final hearing.  On May 4, 2009, the trial court
signed the final decree of divorce, finding David’s adultery as grounds. 

In
the final decree of divorce, David was awarded the cash and property in his
possession or subject to his sole control, any funds remaining in his
investment or retirement accounts, including his Edward Jones account, three
motor vehicles, a motorcycle, and 40% of the balance of funds remaining in the
registry of the court.  Doxanne was awarded the house, the furniture,
furnishings, clothing, jewelry, cash, and property in her possession or subject
to her sole control, her retirement account, her life insurance policy, a
utility trailer, a motor vehicle or, if it had been sold or was in the
possession of another, $11,660 to be paid to her by David, $819 to be paid to
her by David, and 60% of the balance of the funds remaining in the registry of
the court.  The division of property also assigned the debts of the estate. 
David was assigned the balance due on the three motor vehicles and the
motorcycle awarded to him, the balance due on the motor vehicle awarded to
Doxanne, the federal income tax liability, the personal debt he incurred during
the pendency of the divorce, and the money owed to Doxanne.  Doxanne was
assigned the mortgage on the house, debts owed on four credit cards, any debt
owed to a fence company, and the 2009 property taxes.  

On
May 28, 2009, David requested findings of fact and conclusions of law.  However,
the record does not include any findings of fact or conclusions of law filed by
the trial court.  This appeal followed.

 

Notice of Final Hearing

            In his first issue,
David argues that the trial court erred by failing to provide him with the
mandatory forty-five day notice prior to his final hearing.

Facts

            On
April 26, 2006, David filed a request for final hearing, and that same day, the
trial court set the final hearing for June 27, 2006.  Doxanne objected to the
trial setting and requested a continuance in order to pursue discovery and
mediation.  By agreement of the parties, the June 27, 2006 trial setting was
passed.

On
March 9, 2007, David filed a notice of nonsuit regarding his petition for
divorce, which was granted.  Doxanne’s counterpetition for divorce remained
pending.  On November 19, 2007, David requested that the trial court dismiss
Doxanne’s counterpetition for divorce because the case had been “delayed too
long without reason.”  On January 3, 2008, Doxanne filed a request for a final
hearing, and that same day, the trial court set the final hearing for January
15, 2008.  On January 10, 2008, David filed a motion complaining about
Doxanne’s attorney.  Specifically, he alleged that Doxanne had not responded to
discovery, and that the attorney contacted David’s broker in connection with
his retirement account.  In his motion, David stated that the discovery
responses from Doxanne were “very important to [his] divorce hearing” and that
“if a lack of this information [damages]” his case, he would seek a continuance
of the final hearing.  David did not request that this motion be set for a
hearing or request a continuance of the final hearing.

On
January 15, 2008, David participated in the final hearing without objection.  All
parties agreed, in writing, to continue the final hearing on January 24, 2008. 
When the trial resumed, an attorney appeared and explained that although he did
not currently represent David, he would do so if the trial court granted a
continuance.  The attorney stated that neither he nor David had filed anything
with respect to resuming the final hearing.  The trial court then decided to
proceed with the final hearing. The attorney left, the final hearing resumed,
and David did not object.

Applicable Law

            A
trial court must provide parties with reasonable notice of not less than
forty-five days of a first setting for trial.  Tex. R. Civ. P. 245.  When a case previously has been set for
trial, the trial court may reset the case to a later date on any reasonable
notice to the parties, or by agreement of the parties.  Id. 
Because there is no minimum time period for notice of a subsequent trial
setting, we look to the specific facts of the case in determining what is reasonable
notice to the parties for a subsequent trial setting under rule 245.  O’Connell
v. O’Connell, 843 S.W.2d 212, 215 (Tex. App.–Texarkana 1992, no writ). 
By making a request for a trial setting, a party represents that he, reasonably
and in good faith, expects to be ready for trial by the date requested.  Tex. R. Civ. P. 245.

            To
preserve a complaint for appellate review, the record must show that the
complaint was made to the trial court by a timely request, objection, or motion
that stated the grounds for the ruling that the complaining party sought from
the trial court with sufficient specificity to make the trial court aware of
the complaint.  See Tex. R. App.
P. 33.1(a)(1)(A).  This rule ensures that the trial court has the
opportunity to rule on matters for which parties later seek appellate review.  In
re E. Tex. Med. Ctr. Athens, 154 S.W.3d 933, 936 (Tex. App.–Tyler 2005,
orig. proceeding).

Application

There
are at least two fatal flaws in David’s complaint that he did not receive the
mandatory notice of the final hearing.  First, David waived his complaint. 
Although he filed a pretrial motion complaining about discovery and indicated
that he might seek a continuance, he never requested a continuance or requested
that the pretrial motion be set for a hearing.  Further, David never objected
to the January 15, 2008, trial setting.  See Tex. R. App. P. 33.1(a)(1)(A). 

Second,
the January 15, 2008 trial setting was not the first trial setting.  See Tex. R. Civ. P. 245.  Thus, we must
look to the specific facts of this case to determine whether the trial court
provided reasonable notice of the final hearing.  See id.  When
David requested the initial trial setting in 2006, he represented that he
expected to be ready for trial at that time.  See id.  After the
initial trial setting was passed, David had nearly two years to conduct
discovery prior to the final hearing.  In November 2007, David complained that
the case had been delayed too long and, as a result, requested that Doxanne’s
counterpetition for divorce be dismissed.  Approximately two months later,
Doxanne requested a final hearing, which was set for twelve days later.  Even
though twelve days notice may not be reasonable in all circumstances, David
represented that he had been ready for trial since 2006 and had complained
about the delay in the case.  Thus, under the specific facts of this case, the
trial court provided reasonable notice to the parties of the final hearing on
January 15, 2008. See id.  

We
overrule David’s first issue.

 

Division of Property

In
his second issue, David contends that the trial court abused its discretion by awarding
a disproportionate share of the community property to Doxanne.  In his third
issue, David argues that the evidence is legally and factually insufficient to
support the division of property.

Applicable
Law

In
a decree of divorce, a court shall order a division of the estate of the
parties in a manner that the court deems just and right, having due regard for
the rights of each party.  Tex. Fam.
Code Ann. § 7.001 (Vernon 2006). 
We review a trial court's division of property under an abuse of
discretion standard.  Moroch v. Collins, 174 S.W.3d 849, 857
(Tex. App.–Dallas 2005, pet. denied); see also Garza v. Garza, 217
S.W.3d 538, 548 (Tex. App.–San Antonio 2006, no pet.).  In determining whether
the trial court abused its discretion, we review the entire record to determine
if the trial court acted arbitrarily and unreasonably.  Toles v. Toles,
45 S.W.3d 252, 266 (Tex. App.–Dallas 2001, pet. denied).  A trial court does
not abuse its discretion if there is some evidence of a substantive and
probative character to support the decision.  Von Hohn v. Von Hohn,
260 S.W.3d 631, 640 (Tex. App.–Tyler 2008, no pet.).  We reverse a trial
court’s division of property only if the error materially affects the court’s
just and right division of the property.  Id.  Thus, errors in
the valuation of property do not require reversal unless the errors cause the
division made by the trial court to be manifestly unjust.  Id. at
641.  Once reversible error affecting the “just and right” division of the
community estate is found, an appellate court must remand the entire community
estate for a new division.  Sheshtawy v. Sheshtawy, 150 S.W.3d
772, 780 (Tex. App.–San Antonio 2004, pet. denied) (quoting Jacobs v.
Jacobs, 687 S.W.2d 731, 733 (Tex. 1985)).

A
spouse is entitled to a division of only the property that the community owns
at the time of the divorce.  Von Hohn, 260 S.W.3d at 641.  The
assets of the community estate are valued as of the time of the dissolution of
the marriage.  Id.  Moreover, the factfinder must have an
evidentiary basis for its findings.  Salinas v. Rafati, 948
S.W.2d 286, 289 (Tex. 1997).  In order to determine whether the assets of the
community estate were divided in a “just and right” manner, an appellate court
must have the trial court’s findings on the value of those assets.  See Wells
v. Wells, 251 S.W.3d 834, 840-41 (Tex. App.–Eastland 2008, no pet.) (concluding
that a party presents no basis for reversal when the trial court fails to make
findings of the value of the community property assets). 

Any
party may request findings of fact and conclusions of law, but the request must
be filed within twenty days after the judgment is signed.  Tex. R. Civ. P. 296.  If the court
fails to file timely findings of fact and conclusions of law, the party making
the request shall, within thirty days after filing the original request, file a
notice of past due findings of fact and conclusions of law.  Tex. R. Civ. P. 297. 

Application

David
complains that the evidence is “wholly insufficient” to support the awards of
assets and debts to him, resulting in a disproportionate share of the community
property being awarded to Doxanne.  Although David requested findings of fact
from the trial court, he did not do so until more than twenty days after the
trial court signed the final divorce decree.  See Tex. R. Civ. P. 296.  Thus, David did
not timely request findings of fact.  Further, when the trial court did not
prepare findings of fact, David did not file a notice of past due findings of
fact and conclusions of law.  See Tex.
R. Civ. P. 297.  Consequently, the trial court did not file findings of
fact that reflected the values it assigned to each asset or liability or the
total value of the community property. 

It
is difficult, and perhaps impossible, to determine that the trial court abused
its discretion in its division of the community property when we do not know
the percentage of the marital estate either party received.  See Wells,
251 S.W.3d at 841.  Without findings of fact, we do not know the basis for the
division or the values assigned to the community assets by the trial court.  See
Chacon v. Chacon, 222 S.W.3d 909, 916 (Tex. App.–El Paso 2007, no
pet.).  Specifically, we do not have the trial court’s findings regarding the value
of assets awarded to David including the cash and property in David’s
possession or subject to his sole control, the three motor vehicles, the
motorcycle, and 40% of the balance of the funds remaining in the registry of
the court.  Likewise, we do not have the trial court’s findings regarding the value
of the assets awarded to Doxanne including the house, the furniture,
furnishings, clothing, jewelry, cash, and property in Doxanne’s possession or
subject to her sole control, her retirement account, her life insurance policy,
the utility trailer, and 60% of the balance of the funds remaining in the
registry of the court.  

David
attached a document to his brief that he claims is the trial court’s “ruling” that
reflected the value of the assets and liabilities of the community estate
awarded to each party. According to David, this document was attached to a
cover letter dated February 27, 2009 from the trial court announcing its ruling
in the case.  From our review, this document appears to be a proposed division
of the community estate, listing potential values of the community assets and
liabilities.  However, this document is not part of the record.  We cannot
consider documents attached to an appellate brief that do not appear in the
record.  See Till v. Thomas, 10 S.W.3d 730, 733 (Tex.
App.–Houston [1st Dist.] 1999, no pet.).  Further, this document cannot serve
as a substitute for findings of fact by the trial court.  See Wells,
251 S.W.3d at 840.

David
also complains regarding his award of any funds remaining in his retirement
account with Edward Jones, stating that there is no evidence to support the
amount of funds as shown by the document he claims to be the trial court’s
“ruling” of February 27, 2009.  At the resumption of the final hearing on
January 24, 2008, the parties stipulated that the “only money left” was the
funds in the registry of the court.  However, it is unclear whether this
stipulation simply acknowledges that there is no money in David’s retirement
account with Edward Jones or if it means that the estate is devoid of any liquid
assets.  Again, we do not have the trial court’s findings regarding the values
assigned to David’s retirement account or to the liquid assets of the estate.  See
Chacon, 222 S.W.3d at 916.

Because
we do not know what value the trial court assigned to the community property
assets or the percentage of property awarded to each party, we cannot conclude
that the trial court abused its discretion in its division of the community
property estate.  Accordingly, David’s second and third issues are overruled.

 

Attorney’s Fees

            In
his fourth issue, David argues that the award of attorney’s fees to Doxanne’s
attorney in the amount of $14,821.03 is excessive.  Further, he contends that
Doxanne’s attorney’s fees should be paid from Doxanne’s portion of the marital
estate.  Approximately one year after the final hearing but before the trial
court entered its final decree of divorce, Doxanne filed an application for
payment of her attorney’s fees, requesting that the trial court authorize
payment from the funds in the registry of the court.  On the same date, the
trial court ordered payment of Doxanne’s attorney’s fees and expenses enumerated
in her application out of funds held in the registry of the court.  However,
the record does not include any objection by David to the application or to the
trial court’s order.  As stated previously, in order to preserve a complaint
for appellate review, the record must show that the complaint was made to the
trial court by a timely request, objection, or motion that stated the grounds
for the ruling that the complaining party sought from the trial court with
sufficient specificity to make the trial court aware of the complaint.  See Tex. R. App. P. 33.1(a)(1)(A).  Because
David failed to object to Doxanne’s application for payment of her attorney’s
fees and expenses or to the trial court’s order awarding the payment, David has
waived his complaint. Accordingly, David’s fourth issue is overruled.

 

Disposition

The
judgment of the trial court is affirmed.

 

                                                                                    Brian Hoyle

                                                                                          
Justice

 

 

Opinion delivered February 16, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(PUBLISH)