# NO. 12-09-00161-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID HALL,*<br>*APPELLANT* | *§* | *APPEAL FROM THE* |
| *V.* | *§* | *COUNTY COURT AT LAW* |
| *DOXANNE HALL,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant David Hall appeals the trial court's final decree of divorce. On appeal, David presents four issues. We affirm.

### BACKGROUND

David and Doxanne Hall were married on December 25, 1985. David filed for divorce on February 13, 2006, and Doxanne filed a counterpetition for divorce on April 21, 2006. Eventually, David nonsuited his petition for divorce, but Doxanne's counterpetition proceeded to final hearing. On May 4, 2009, the trial court signed the final decree of divorce, finding David's adultery as grounds.

In the final decree of divorce, David was awarded the cash and property in his possession or subject to his sole control, any funds remaining in his investment or retirement accounts, including his Edward Jones account, three motor vehicles, a motorcycle, and 40% of the balance of funds remaining in the registry of the court. Doxanne was awarded the house, the furniture, furnishings, clothing, jewelry, cash, and property in her possession or subject to her sole control, her retirement account, her life insurance policy, a utility trailer, a motor vehicle or, if it had been sold or was in the possession of another, $11,660 to be paid to her by David, $819 to be paid to her by David, and 60%

of the balance of the funds remaining in the registry of the court. The division of property also assigned the debts of the estate. David was assigned the balance due on the three motor vehicles and the motorcycle awarded to him, the balance due on the motor vehicle awarded to Doxanne, the federal income tax liability, the personal debt he incurred during the pendency of the divorce, and the money owed to Doxanne. Doxanne was assigned the mortgage on the house, debts owed on four credit cards, any debt owed to a fence company, and the 2009 property taxes.

On May 28, 2009, David requested findings of fact and conclusions of law. However, the record does not include any findings of fact or conclusions of law filed by the trial court. This appeal followed.

## NOTICE OF FINAL HEARING

In his first issue, David argues that the trial court erred by failing to provide him with the mandatory forty-five day notice prior to his final hearing.

### Facts

On April 26, 2006, David filed a request for final hearing, and that same day, the trial court set the final hearing for June 27, 2006. Doxanne objected to the trial setting and requested a continuance in order to pursue discovery and mediation. By agreement of the parties, the June 27, 2006 trial setting was passed.

On March 9, 2007, David filed a notice of nonsuit regarding his petition for divorce, which was granted. Doxanne's counterpetition for divorce remained pending. On November 19, 2007, David requested that the trial court dismiss Doxanne's counterpetition for divorce because the case had been "delayed too long without reason." On January 3, 2008, Doxanne filed a request for a final hearing, and that same day, the trial court set the final hearing for January 15, 2008. On January 10, 2008, David filed a motion complaining about Doxanne's attorney. Specifically, he alleged that Doxanne had not responded to discovery, and that the attorney contacted David's broker in connection with his retirement account. In his motion, David stated that the discovery responses from Doxanne were "very important to [his] divorce hearing" and that "if a lack of this information [damages]" his case, he would seek a continuance of the final hearing. David did not request that this motion be set for a hearing or request a continuance of the final hearing.

2

On January 15, 2008, David participated in the final hearing without objection. All parties agreed, in writing, to continue the final hearing on January 24, 2008. When the trial resumed, an attorney appeared and explained that although he did not currently represent David, he would do so if the trial court granted a continuance. The attorney stated that neither he nor David had filed anything with respect to resuming the final hearing. The trial court then decided to proceed with the final hearing. The attorney left, the final hearing resumed, and David did not object.

**Applicable Law**

A trial court must provide parties with reasonable notice of not less than forty-five days of a first setting for trial. TEX. R. CIV. P. 245. When a case previously has been set for trial, the trial court may reset the case to a later date on any reasonable notice to the parties, or by agreement of the parties. *Id*. Because there is no minimum time period for notice of a subsequent trial setting, we look to the specific facts of the case in determining what is reasonable notice to the parties for a subsequent trial setting under rule 245. *O'Connell v. O'Connell*, 843 S.W.2d 212, 215 (Tex. App.– Texarkana 1992, no writ). By making a request for a trial setting, a party represents that he, reasonably and in good faith, expects to be ready for trial by the date requested. TEX. R. CIV. P. 245.

To preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1(a)(1)(A). This rule ensures that the trial court has the opportunity to rule on matters for which parties later seek appellate review. *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 936 (Tex. App.–Tyler 2005, orig. proceeding).

**Application**

There are at least two fatal flaws in David's complaint that he did not receive the mandatory notice of the final hearing. First, David waived his complaint. Although he filed a pretrial motion complaining about discovery and indicated that he might seek a continuance, he never requested a continuance or requested that the pretrial motion be set for a hearing. Further, David never objected to the January 15, 2008, trial setting. *See* TEX. R. APP. P. 33.1(a)(1)(A).

Second, the January 15, 2008 trial setting was not the first trial setting. *See* TEX. R. CIV. P. 245. Thus, we must look to the specific facts of this case to determine whether the trial court

3

provided reasonable notice of the final hearing. *See id.* When David requested the initial trial setting in 2006, he represented that he expected to be ready for trial at that time. *See id.* After the initial trial setting was passed, David had nearly two years to conduct discovery prior to the final hearing. In November 2007, David complained that the case had been delayed too long and, as a result, requested that Doxanne's counterpetition for divorce be dismissed. Approximately two months later, Doxanne requested a final hearing, which was set for twelve days later. Even though twelve days notice may not be reasonable in all circumstances, David represented that he had been ready for trial since 2006 and had complained about the delay in the case. Thus, under the specific facts of this case, the trial court provided reasonable notice to the parties of the final hearing on January 15, 2008. *See id.*

We overrule David's first issue.

### DIVISION OF PROPERTY

In his second issue, David contends that the trial court abused its discretion by awarding a disproportionate share of the community property to Doxanne. In his third issue, David argues that the evidence is legally and factually insufficient to support the division of property.

**Applicable Law**

In a decree of divorce, a court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001 (Vernon 2006). We review a trial court's division of property under an abuse of discretion standard. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.–Dallas 2005, pet. denied); *see also Garza v. Garza*, 217 S.W.3d 538, 548 (Tex. App.–San Antonio 2006, no pet.). In determining whether the trial court abused its discretion, we review the entire record to determine if the trial court acted arbitrarily and unreasonably. *Toles v. Toles*, 45 S.W.3d 252, 266 (Tex. App.– Dallas 2001, pet. denied). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Von Hohn v. Von Hohn*, 260 S.W.3d 631, 640 (Tex. App.–Tyler 2008, no pet.). We reverse a trial court's division of property only if the error materially affects the court's just and right division of the property. *Id.* Thus, errors in the valuation of property do not require reversal unless the errors cause the division made by the trial

4

court to be manifestly unjust. *Id.* at 641. Once reversible error affecting the "just and right" division of the community estate is found, an appellate court must remand the entire community estate for a new division. *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 780 (Tex. App.–San Antonio 2004, pet. denied) (quoting *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985)).

A spouse is entitled to a division of only the property that the community owns at the time of the divorce. *Von Hohn*, 260 S.W.3d at 641. The assets of the community estate are valued as of the time of the dissolution of the marriage. *Id.* Moreover, the factfinder must have an evidentiary basis for its findings. *Salinas v. Rafati*, 948 S.W.2d 286, 289 (Tex. 1997). In order to determine whether the assets of the community estate were divided in a "just and right" manner, an appellate court must have the trial court's findings on the value of those assets. *See Wells v. Wells*, 251 S.W.3d 834, 840-41 (Tex. App.–Eastland 2008, no pet.) (concluding that a party presents no basis for reversal when the trial court fails to make findings of the value of the community property assets).

Any party may request findings of fact and conclusions of law, but the request must be filed within twenty days after the judgment is signed. TEX. R. CIV. P. 296. If the court fails to file timely findings of fact and conclusions of law, the party making the request shall, within thirty days after filing the original request, file a notice of past due findings of fact and conclusions of law. TEX. R. CIV. P. 297.

**Application**

David complains that the evidence is "wholly insufficient" to support the awards of assets and debts to him, resulting in a disproportionate share of the community property being awarded to Doxanne. Although David requested findings of fact from the trial court, he did not do so until more than twenty days after the trial court signed the final divorce decree. *See* TEX. R. CIV. P. 296. Thus, David did not timely request findings of fact. Further, when the trial court did not prepare findings of fact, David did not file a notice of past due findings of fact and conclusions of law. *See* TEX. R. CIV. P. 297. Consequently, the trial court did not file findings of fact that reflected the values it assigned to each asset or liability or the total value of the community property.

It is difficult, and perhaps impossible, to determine that the trial court abused its discretion in its division of the community property when we do not know the percentage of the marital estate either party received. *See Wells*, 251 S.W.3d at 841. Without findings of fact, we do not know the

5

basis for the division or the values assigned to the community assets by the trial court. *See Chacon v. Chacon*, 222 S.W.3d 909, 916 (Tex. App.–El Paso 2007, no pet.). Specifically, we do not have the trial court's findings regarding the value of assets awarded to David including the cash and property in David's possession or subject to his sole control, the three motor vehicles, the motorcycle, and 40% of the balance of the funds remaining in the registry of the court. Likewise, we do not have the trial court's findings regarding the value of the assets awarded to Doxanne including the house, the furniture, furnishings, clothing, jewelry, cash, and property in Doxanne's possession or subject to her sole control, her retirement account, her life insurance policy, the utility trailer, and 60% of the balance of the funds remaining in the registry of the court.

David attached a document to his brief that he claims is the trial court's "ruling" that reflected the value of the assets and liabilities of the community estate awarded to each party. According to David, this document was attached to a cover letter dated February 27, 2009 from the trial court announcing its ruling in the case. From our review, this document appears to be a proposed division of the community estate, listing potential values of the community assets and liabilities. However, this document is not part of the record. We cannot consider documents attached to an appellate brief that do not appear in the record. *See Till v. Thomas*, 10 S.W.3d 730, 733 (Tex. App.–Houston [1st Dist.] 1999, no pet.). Further, this document cannot serve as a substitute for findings of fact by the trial court. *See Wells*, 251 S.W.3d at 840.

David also complains regarding his award of any funds remaining in his retirement account with Edward Jones, stating that there is no evidence to support the amount of funds as shown by the document he claims to be the trial court's "ruling" of February 27, 2009. At the resumption of the final hearing on January 24, 2008, the parties stipulated that the "only money left" was the funds in the registry of the court. However, it is unclear whether this stipulation simply acknowledges that there is no money in David's retirement account with Edward Jones or if it means that the estate is devoid of any liquid assets. Again, we do not have the trial court's findings regarding the values assigned to David's retirement account or to the liquid assets of the estate. *See Chacon*, 222 S.W.3d at 916.

Because we do not know what value the trial court assigned to the community property assets or the percentage of property awarded to each party, we cannot conclude that the trial court abused

its discretion in its division of the community property estate. Accordingly, David's second and third issues are overruled.

## ATTORNEY'S FEES

In his fourth issue, David argues that the award of attorney's fees to Doxanne's attorney in the amount of $14,821.03 is excessive. Further, he contends that Doxanne's attorney's fees should be paid from Doxanne's portion of the marital estate. Approximately one year after the final hearing but before the trial court entered its final decree of divorce, Doxanne filed an application for payment of her attorney's fees, requesting that the trial court authorize payment from the funds in the registry of the court. On the same date, the trial court ordered payment of Doxanne's attorney's fees and expenses enumerated in her application out of funds held in the registry of the court. However, the record does not include any objection by David to the application or to the trial court's order. As stated previously, in order to preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1(a)(1)(A). Because David failed to object to Doxanne's application for payment of her attorney's fees and expenses or to the trial court's order awarding the payment, David has waived his complaint. Accordingly, David's fourth issue is overruled.

## DISPOSITION

The judgment of the trial court is ***affirmed***.

### BRIAN HOYLE
Justice

Opinion delivered February 16, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

7