Rita SCOTT, Appellant,

v.

ESTATE OF Gilbert Harl SCOTT, Deceased, Appellee.

No. 08–97–00253–CV.

Court of Appeals of Texas, El Paso.

May 14, 1998.

Kevin Acker, Monahans, for Appellant.

Jerry D. Caddel, Odessa, for Appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

LARSEN, Justice.

This case concerns the characterization of two pieces of property as community or separate. Rita Scott maintains that the trial

court erred in finding that the Estate of Gilbert Harl Scott owns an undivided one-half (½) interest in the residence located at 2902 Hummingbird Lane, San Angelo, Texas, and an undivided one-half (½) interest in a 1977 Town and Country House Trailer. We affirm.

### FACTS

Rita Scott married Gilbert Harl Scott on October 24, 1955. On July 8, 1977, the couple divorced and entered into a property settlement agreement dividing their property. On October 24, 1977, the two remarried. After their remarriage, they purchased a residence at 2902 Hummingbird Lane, San Angelo, Texas and a 1977 Town and Country Trailer.

In her sole point of error, Rita Scott complains on appeal that the trial court improperly found these two pieces of property to be partially owned by Gilbert Harl Scott.

### DISCUSSION

■ The characterization of property as separate or community, if disputed, is a question of fact for the fact finder.[1] Similarly, the question of whether a person abandoned a homestead interest involves factual determinations.[2] In a bench trial, the trial judge is the fact finder, passing on the credibility of witnesses and the weight to be given their testimony.[3] Even where this court might reach a different conclusion when faced with the same facts, we are not permitted to substitute our judgment for that of the trial court on factual determinations.[4]

■ In Texas, property possessed by either spouse during the marriage is presumed to be community property absent

clear and convincing evidence to the contrary.[5] Community property consists of the property, other than separate property, acquired by either spouse during marriage.[6] Separate property is that property owned by a spouse before marriage, acquired during the marriage by gift, devise, or descent, or as a recovery for personal injuries sustained during the marriage.[7] The characterization of property as either "community" or "separate" is determined by the inception of title to the property.[8] The major consideration in determining the characterization of property as community or separate is the intention of spouses shown by the circumstances surrounding the inception of title.[9] Inception of title occurs when a party first has right of claim to the property by virtue of which title is finally vested.[10]

■ In the present case, the residence at 2902 Hummingbird Lane in San Angelo was bought during the marriage of Rita Scott and Gilbert Harl Scott. When the house was purchased, Rita Scott intended to live with her husband at that home "until death do us part." The residence was paid for with money from a joint account held by Rita Scott and Gilbert Harl Scott. The couple also rented the house and used the rental income to pay the note to the mortgage company. Additionally, Rita Scott testified that the 1977 Town and Country Trailer was purchased before her remarriage to Gilbert Harl Scott. She then stated that this trailer was both of theirs. She also asserted, "We bought it from Harlan."

■ Upon hearing this evidence, the trial court could properly conclude that the residence at 2902 Hummingbird Lane in San Angelo was community property based on

1. *In the Matter of Marriage of Moore*, 890 S.W.2d 821, 834 n. 7 (Tex.App.—Amarillo 1994, no writ).

2. *Exocet, Inc. v. Cordes*, 815 S.W.2d 350, 355 (Tex.App.—Austin 1991, no writ).

3. *Intratex Gas Co. v. Puckett*, 886 S.W.2d 274, 281–82 (Tex.App.—El Paso 1994, no writ).

4. *Id.*

5. *See* Tex. Fam.Code Ann. § 3.003 (West Pamph. 1998); *Chubb Lloyds Ins. Co. of Texas v. Kizer*, 943 S.W.2d 946, 951 (Tex.App.—Fort Worth 1997, writ denied).

6. Tex. Fam.Code Ann. § 3.002 (West Pamph.1998).

7. Tex. Fam.Code Ann. § 3.001 (West Pamph.1998).

8. *Winkle v. Winkle*, 951 S.W.2d 80, 88 (Tex. App.—Corpus Christi 1997, writ denied).

9. *Id.*

10. *Id.*

the inception of title doctrine, as well as the doctrine which presumes that community funds are drawn out first from a joint account containing both community and separate funds.[11]   Additionally, the trial court could have found that the 1977 Town and Country Trailer was community property because it was purchased during the marriage. We will not disturb these factual determinations.   Once 2902 Hummingbird Lane in San Angelo was determined to be community property, the trial court correctly concluded that the Estate of Gilbert Harl Scott was entitled to an undivided one-half (½) interest in the property.[12]   Appellant's sole point of error is overruled.

▪   Rita Scott also maintains that the trial court erred by failing to consider the fact that Gilbert Harl Scott abandoned the homestead, the residence at 2902 Hummingbird Lane in San Angelo.   Once a homestead exemption has been established, the person claiming abandonment of the homestead exemption has the burden of proving it.[13] Whether a person abandons a homestead is generally a question of fact.[14]   We will presume that the trial court made all necessary findings to support the judgment,[15] including whether or not Gilbert Harl Scott abandoned his homestead.   In this case, the trial court impliedly found that Gilbert Harl Scott did not abandon his homestead.

### *CONCLUSION*

We affirm the judgment.

---

**11.**  *Id.; Gibson v. Gibson,* 614 S.W.2d 487, 489 (Tex.Civ.App.—Tyler 1981, no writ).

**12.**  Tex. Prob.Code Ann § 45(b) (Vernon 1980 & Supp.1998); *Janes v. Stratton,* 203 S.W. 386, 388 (Tex.Civ.App.—Austin 1918, no writ).

**13.**  *Roosth v. Roosth,* 889 S.W.2d 445, 459 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

**14.**  *Cordes,* 815 S.W.2d at 355.

**15.**  *See* Tex.R. Civ. P. 299; *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990).