**Opinion filed August 21, 2014**



# In The

# Eleventh Court of Appeals

_____

## No. 11-12-00085-CV

_____

## MARIANO OCTAVIO CASTELNUOVO, Appellant

## V.

## SANDRA FAIETA, Appellee

**On Appeal from the County Court at Law**

**Brown County, Texas**

**Trial Court Cause No. DV1103062**

## M E M O R A N D U M   O P I N I O N

This appeal arises from a divorce proceeding. In two issues, Appellant, Mariano Octavio Castelnuovo,[1] challenges the trial court's characterization and award of a bank account in the amount of $566,252.49 to Appellee, Sandra Faieta, as her separate property. We affirm.

_____

[1]It is noted that Appellant's name is also spelled as "Mariano Octario Castelnuovo" on several documents in the record.

*Background Facts*

Appellant and Appellee are citizens of Ecuador. They moved to Brownwood in 2008 when Appellee got a job in Texas as an engineer. Appellee filed for divorce in March 2011 from Appellant, a clinical psychologist, after they had been married for twenty-three years. The principal disagreement between the parties at trial concerned a $600,000 wire transfer that Appellee received in January 2011 from representatives of Guillermo Vasquez Astudillo ("Vasquez"), a deceased individual from Ecuador. This transfer occurred two months before Appellee filed for divorce.[2]

Vasquez died in 2009. Appellee testified that Vasquez was her "godfather" and that he was "most probably" her biological father. Appellee described the wire transfer as a "legacy" from Vasquez. In support of her contention, Appellee offered a document prepared by Vasquez's attorney in Ecuador and the attorney's responses to a deposition on written questions detailing that Vasquez bequeathed the sum of $600,000 in U.S. dollars to Appellee. The attorney stated in the deposition that the wire transfer was made by the representatives of Vasquez's estate. Appellant objected to the admission of many of the deposition responses of Vasquez's attorney on the grounds that Vasquez's instructions to the attorney constituted hearsay.

Appellee deposited the $600,000 wire transfer into an account that she established in January 2011 at a bank in Brownwood. She set up the account so that she was the only person with access to it. Appellee testified that "[i]t was only under my name, because I was the only--the sole owner of that inheritance." At the time of the final hearing, Appellee had not made any additional deposits into

---

[2]Appellee alleged that she and Appellant ceased to live together as husband and wife in October 2010.

2

the account. However, the balance of the account at that time was $566,252.99 because of withdrawals made by Appellee.

*Analysis*

Characterization of property is determined by the time and circumstances of its acquisition. *Leighton v. Leighton*, 921 S.W.2d 365, 367 (Tex. App.—Houston [1st Dist.] 1996, no writ). This doctrine, known as "inception of title," arises when a party first has right of claim to the property by virtue of which title is finally vested. *Scott v. Estate of Scott*, 973 S.W.2d 694 (Tex. App.—El Paso 1998, no pet.).

Property possessed by either spouse during or on dissolution of the marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a) (West 2006). Property of a spouse owned before marriage, and that acquired afterward by gift, devise, or descent, is the separate property of that spouse. TEX. CONST. art. XVI, § 15; *see also* FAM. § 3.001(2). The trial court may not divest a party of his or her separate property. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 142 (Tex. 1977); *see Dutton v. Dutton*, 18 S.W.3d 849, 852 (Tex. App.—Eastland 2000, pet. denied). The party asserting that a certain piece of property is actually separate property must establish the separate character of the property by clear and convincing evidence. FAM. § 3.003(b). Clear and convincing evidence is the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. TEX. FAM. CODE ANN. § 101.007 (West 2014); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

"The statutory presumption that property possessed by either spouse upon dissolution of the marriage is community is a rebuttable presumption and is overcome by evidence that a specified item of property is the separate property of one spouse or the other." *Moroch v. Collins*, 174 S.W.3d 849, 856 (Tex. App.—

3

Dallas 2005, pet. denied). To satisfy this burden, the spouse must trace "the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property." *Id.* at 856–57; *see also Cockerham v. Cockerham*, 527 S.W.2d 162, 167 (Tex. 1975).

When reviewing an alleged property characterization error, we must determine whether the trial court's finding is supported by clear and convincing evidence and whether the characterization error, if established, was an abuse of discretion. *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981); *Magness v. Magness*, 241 S.W.3d 910, 912 (Tex. App.—Dallas 2007, pet. denied); *Wells v. Wells*, 251 S.W.3d 834, 838 (Tex. App.—Eastland 2008, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Sw. Bell Tel. Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex. 1965). We must indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion in dividing marital property. *See Chavez v. Chavez*, 269 S.W.3d 763, 766 (Tex. App.—Dallas 2008, no pet.); *Boyd v. Boyd*, 131 S.W.3d 605, 610 (Tex. App.—Fort Worth 2004, no pet.). We will reverse the ruling of the trial court only if the record demonstrates that the trial court clearly abused its discretion and that the error materially affected the just and right division of the community estate. *Chavez*, 269 S.W.3d at 766.

When an appellant challenges the trial court's characterization of marital property on legal or factual sufficiency grounds, we do not treat these as independent grounds of reversible error but, instead, consider them as factors relevant to our assessment of whether the trial court abused its discretion. *Wells*,

4

251 S.W.3d at 838 (citing *Boyd*, 131 S.W.3d at 611). To determine whether the trial court abused its discretion because the evidence is legally or factually insufficient, we consider whether the court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in the application of that discretion. *Id.* (citing *Lindsey v. Lindsey*, 965 S.W.2d 589, 592 (Tex. App.—El Paso 1998, no pet.)).

When the burden of proof at trial is clear and convincing evidence, as when a party attempts to rebut the "community presumption," we apply a higher standard of legal and factual sufficiency review. *See In re J.F.C.*, 96 S.W.3d 256, 265–66 (Tex. 2002); *In re C.H.*, 89 S.W.3d at 25–26; *Moroch*, 174 S.W.3d at 857. Clear and convincing evidence is defined as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Moroch*, 174 S.W.3d at 857; *see also* FAM. § 101.007. To meet the clear and convincing burden, the proof must "weigh more heavily than merely the greater weight of the credible evidence, but the evidence need not be unequivocal or undisputed." *Moroch*, 174 S.W.3d at 857–58.

In his initial brief, Appellant argues that Appellee failed to overcome the community property presumption to establish that the $600,000 wire transfer constituted her separate property. Appellant asserts in his first issue that the trial court erred in overruling his hearsay objections to some of the deposition responses of Vasquez's attorney and documents prepared by the attorney and Vasquez. In reliance upon his first issue, Appellant asserts in his second issue that the remaining evidence was insufficient to establish the separate nature of the wire transfer by clear and convincing evidence. In his reply brief, Appellant presents a claim for alternative relief to the effect that the $600,000 wire transfer was one-half his separate property as a gift to both him and Appellee.

We will initially address the sufficiency of the evidence supporting the trial court's characterization of the $600,000 wire transfer as Appellee's separate property without considering the evidence that Appellant contends was hearsay. In doing so, we assume without deciding that the following evidence constituted inadmissible hearsay that Appellant properly objected to[3] at trial:

- A document from Vasquez's attorney stating that Vasquez bequeathed $600,000 to Appellee;

- A memorandum from Vasquez to his executor directing him to give $600,000 to Appellee after his death;

- A deposition response from Vasquez's attorney stating that Vasquez instructed him to transfer $600,000 to Appellee after his death; and

- A deposition response from Vasquez's attorney denying that Vasquez instructed him to give anything to Appellant after his death.

*See Marshall v. Telecomms. Specialists, Inc.*, 806 S.W.2d 904, 907 (Tex. App.—Houston [1st Dist.] 1991, no writ) (refusing to consider inadmissible hearsay in determining sufficiency of evidence on appeal). The remaining evidence consisted of Appellee's testimony that she received the $600,000 wire transfer as a bequest from Vasquez, a man she described as her godfather and probable biological father. Additionally, Appellant did not object to a deposition response from Vasquez's attorney that the $600,000 wire transfer "was made by the executors appointed by [Vasquez] before he died."

We also have Appellant's own testimony regarding the $600,000 wire transfer. He testified that it was a gift. In this regard, he believed it was a gift to both him and Appellee. He based this position on the fact that Vasquez had given money to him and Appellee previously. Appellee estimated the previous gifts of

---

[3]TEX. R. EVID. 802 provides that "[i]nadmissible hearsay *admitted without objection* shall not be denied probative value merely because it is hearsay" (emphasis added).

money from Vasquez to be $200,000 and stated that the money was deposited into a joint account held by her and Appellant and used for their living expenses. A gift is a "voluntary transfer of property to another made gratuitously and without consideration." *Wells*, 251 S.W.3d at 839 (citing *Hilley v. Hilley*, 342 S.W.2d 565, 569 (Tex. 1961)). There is no dispute in this case that the wire transfer was made voluntarily and without consideration. For the purposes of this appeal, there is no meaningful distinction between a gift and a bequest of the $600,000 wire transfer because the legal effect of either one would be the same.

Appellant's characterization of the $600,000 wire transfer as a gift is significant because it defeats his contention that the funds were community property at inception. Property that is given as a gift, regardless of whether it is given to one person or to multiple people, is separate property. *Bush v. Bush*, 336 S.W.3d 722, 743 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (dealing with horses that were undisputedly given as gifts to either one of the spouses or their family); *see also Roosth v. Roosth*, 889 S.W.2d 445, 457 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (holding attempted gift by third party to community estate vests each spouse with one-half undivided interest in property as his or her separate property). Documentary evidence of tracing is not required to establish the separate nature of gifts. *Bush*, 336 S.W.3d at 743. Accordingly, there is clear and convincing evidence supporting the trial court's characterization of the $600,000 wire transfer as separate property.

As was the case in *Bush*, the trial court was required to determine if the $600,000 wire transfer was a gift solely to Appellee or to both Appellee and Appellant. The burden to prove a gift is on the party who claims it. *Powell v. Powell*, 822 S.W.2d 181, 183 (Tex. App.—Houston [1st Dist.] 1991, writ denied). Accordingly, Appellee had the burden to establish that the $600,000 wire transfer

7

was solely a gift to her while Appellant had the burden to establish that the $600,000 wire transfer was a gift to both him and Appellee.

Ordinarily, the donative intent of the grantor at the time of the conveyance is a controlling factor in determining the character of property given as a gift. *See Bush*, 336 S.W.3d at 744; *Rusk v. Rusk*, 5 S.W.3d 299, 303 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). The evidence that Appellant challenges as hearsay focuses on Vasquez's donative intent. Even without this evidence, we conclude that clear and convincing evidence supports the trial court's determination that the $600,000 wire transfer was solely Appellee's separate property.

There is no evidence that either Vasquez or the representatives of his estate had a donative intent to give a portion of the $600,000 wire transfer to Appellant. Furthermore, the money was transferred by representatives of Vasquez's estate solely to Appellee without Appellant's knowledge or participation after the date she alleged that they had ceased to live together as husband and wife. Acceptance by the donee is an element in establishing the existence of a gift. *See Wells*, 251 S.W.3d at 839 (citing *Long v. Long*, 234 S.W.3d 34, 40 (Tex. App.—El Paso 2007, pet. denied)). In the absence of evidence of either a donative intent to give a portion of the $600,000 to Appellant or his acceptance of the gift, the trial court did not abuse its discretion by characterizing the money as solely Appellee's separate property. These are elements that Appellant had the burden to prove in order to establish a joint gift, and the trial court could have reasonably concluded that Appellant failed to meet that burden.

For the reasons set out above, we overrule Appellant's second issue challenging the sufficiency of the evidence to support the trial court's determination that the $600,000 wire transfer constituted Appellee's separate

property. We do not reach Appellant's first issue because it is not dispositive of this appeal. *See* TEX. R. APP. P. 47.1.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


August 21, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.