**Opinion issued January 13, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00875-CV

————————————

**HENRY WILLIAM GROTEWOLD, Appellant**

**V.**

**JANET KAY MEYER, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2004-40933**

---

## O P I N I O N

Herny William Grotewold and Janet Kay Meyer each filed a suit to modify the parent-child relationship. In the course of the proceedings, the trial court awarded sanctions against Meyer, ordering her to pay certain fees incurred by Grotewold's attorney. Following a trial, the trial court made certain modifications

to the prior terms governing the parent-child relationship. In two issues on appeal, Grotewold argues (1) the trial court miscalculated his monthly child support obligations and (2) the trial court abused its discretion by denying his motion for continuance.

We reverse and render in part and affirm in part.

## Background

Grotewold and Meyer initiated divorce proceedings in 2004. They had one child together. The divorce was finalized, and child support was set. In 2013, Grotewold and Meyer each filed suits to modify the parent-child relationship. They both sought, among other things, a re-evaluation of child support obligations.

During the course of recent proceedings, Grotewold sought discovery from Meyer on her mental health. On July 22, 2013, Grotewold filed a document titled "Motion for Psychological Examination and Evaluation of Janet Meyer, Motion for Continuance and Motion for Sanctions." In it, Grotewold identified two grounds for sanctions but one ground for a continuance. Grotewold sought sanctions for Meyer's alleged failure to fully disclose the extent of her medication and counseling for psychological conditions and sanctions for failing to produce her tax returns as requested. Grotewold only requested a continuance, however, to obtain more documentation about her mental health and to subject Meyer to a psychological evaluation.

The trial court granted Grotewold's motion for sanctions, but did not identify the ground or grounds upon which the sanction was based. In the same order, the trial court denied the motion for psychological evaluation and the motion for continuance.

After a hearing, the trial court issued an order modifying the parent-child relationship. In the order, the trial court required Grotewold to pay $1,308.67 monthly in child support. The order acknowledged the guidelines on determining child support and noted only one variance from the guidelines: basing Grotewold's gross annual income on an average from the previous three years. In its findings of fact, the trial court found that, based on the three-year average, Grotewold's gross annual income was $78,520. From this, the trial court determined that Grotewold's average gross monthly income was $6,543. The trial court's order for monthly child support payments is 20% of Grotewold's average gross monthly income.

## Child Support

In his first issue, Grotewold argues the trial court miscalculated his monthly child support obligations.

### A. Standard of Review

The determination of the amount of child support to be paid is left to the discretion of the trial court and will not be disturbed on appeal absent a clear showing of abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.

1990); *In re L.R.P.*, 98 S.W.3d 312, 313 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Worford*, 801 S.W.2d at 109; *McGuire v. McGuire*, 4 S.W.3d 382, 384 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

In family law cases, legal and factual sufficiency challenges do not constitute independent grounds for asserting error, but are relevant factors in determining whether the trial court abused its discretion. *Moore v. Moore*, 383 S.W.3d 190, 198 (Tex. App.—Dallas 2012, pet. denied). To determine whether the trial court abused its discretion because the evidence is legally or factually insufficient to support the trial court's decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in its application of that discretion. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). We conduct the applicable sufficiency review when considering the first prong of the test. *Id.* We then determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.* A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Id.*

## B. Analysis

Appellant argues that the trial court incorrectly calculated his monthly child support obligations. We agree.

The Texas Family Code establishes guidelines for setting monthly child support obligations in suits affecting the parent-child relationship. *See* TEX. FAM. CODE ANN. §§ 154.121–.133 (Vernon 2014). These guidelines are presumptively reasonable. *Id.* § 154.122(a). The trial court may vary from the guidelines when the evidence rebuts the presumption that application of the guidelines is in the best interest of the child. *Id.* § 154.123(a). But, in order to do so, the trial court must justify its variance. *Id.* In that situation, the trial court is required to make specific findings supporting the variance. *Id.* § 154.130(a)(3), (b)(4).

Determination of child support obligations begins by determining the relevant parent's gross resources on an annual basis. *See id.* § 154.061(a) (Vernon 2014) (requiring, when feasible, to calculate gross income on annual basis), § 154.062(b)–(c) (Vernon 2014) (defining resources). An average monthly gross income is determined from the annual gross income. *Id.* § 154.061(a). From those gross resources, certain deductions are made. *See id.* § 154.062(d) (identifying deductions from gross resources). The remaining amount is the parent's net resources. *See id.* § 154.062(a). The Office of the Attorney General is responsible for annually promulgating charts that compute net monthly income from gross monthly income. *See id.* § 154.061(b) (requiring IV-D agency to annually promulgate tax charts); *see also* TEX. FAM. CODE ANN. § 231.001 (Vernon 2014) (designating Office of the Attorney General as Title IV-D agency in Texas). For a

single child, the guidelines set child support obligations at 20% of the parent's net resources. *Id.* § 154.125(b).

The trial court found that Grotewold's gross annual income was $78,520, and Grotewold does not dispute this determination. *See Vill. Place, Ltd. v. VP Shopping, LLC*, 404 S.W.3d 115, 124 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (holding unchallenged findings are binding on appeal). As the trial court determined, this sets Grotewold's average monthly gross resources at $6,543. *See* FAM. § 154.061(a). The trial court then determined that Grotewold's monthly child support obligation should be $1,308.67. This is 20% of Grotewold's *gross* monthly resources, not his *net* monthly resources. *See* FAM. § 154.125(b) (requiring courts to presumptively apply 20% of parent's *net* resources to child support obligation).

The trial court did not find that a variance is justified. *See id.* § 154.130(a)(3), (b)(4) (requiring trial court to make specific findings justifying variance from guidelines). To the contrary, the trial court explicitly found that child support should be based on that number. Additionally, in its order modifying the parent-child relationship, the trial court explicitly made findings pursuant to section 154.130 but did not identify any justifications to vary from the guidelines. *See id.* Instead, it determined that the only variance from the guidelines was its basing Grotewold's gross annual income on an average from the previous three

6

years. Accordingly, we must conclude that the trial court determined that no evidence overcame the presumption that the guidelines were within the best interest of the child.

Based on this, the record reflects that the trial court miscalculated Grotewold's child support obligations. The Attorney General's charts calculating net monthly resources set Grotewold's net monthly resources at $4,954.39. *See* Office of the Att'y Gen., 2013 Tax Charts, 38 Tex. Reg. 1011 (2013); *see also* FAM. § 154.061(b) (requiring IV-D agency to annually promulgate tax charts). Grotewold and Meyer had one child. Accordingly, Grotewold is obligated to dedicate 20% of his net monthly resources to child support. *See* FAM. § 154.125(b). This amounts to $990.88 per month.

We sustain Grotewold's first issue.

## Continuance

In his second issue, Grotewold argues the trial court abused its discretion by denying his motion for continuance.

## A. Standard of Review

The trial court has broad discretion to deny or grant a motion for continuance. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *McAleer v. McAleer*, 394 S.W.3d 613, 617 (Tex. App.—Houston [1st Dist.] 2012, no pet.). "When reviewing a trial court's order denying a motion for continuance, we

7

consider whether the trial court committed a clear abuse of discretion on a case-by-case basis." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A trial court abuses its discretion when it acts in a manner so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *Id.* We cannot substitute our judgment for that of the trial court in matters committed to the trial court's discretion. *McAleer*, 394 S.W.3d at 617.

To determine whether a trial court abused its discretion in denying a motion for continuance that seeks additional time for discovery, we consider the following non-exclusive list of factors: "the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought." *Joe*, 145 S.W.3d at 161.

**B.    Analysis**

Grotewold argues that, because it sanctioned Meyer for failing to fully disclose in her discovery responses the extent of her medication and counseling for psychological conditions, the trial court abused its discretion by denying his request for a continuance to obtain more documentation about her mental health and to subject Meyer to a psychological evaluation. We disagree that the record establishes that the trial court sanctioned Meyer for failing to disclose matters concerning her mental health.

8

Grotewold filed a document titled "Motion for Psychological Examination and Evaluation of Janet Meyer, Motion for Continuance and Motion for Sanctions." In it, Grotewold identified two grounds for sanctions but one ground for a continuance. Grotewold sought sanctions for Meyer's alleged failure to fully disclose the extent of her medication and counseling for psychological conditions and sanctions for failing to produce her tax returns as requested. Grotewold only requested a continuance, however, to obtain more documentation about her mental health and to subject Meyer to a psychological evaluation.

The trial court ordered Meyer to pay Grotewold $1,500 in sanctions but did not identify what specific action or actions were being sanctioned. A sanctions order is required to state the particulars of good cause supporting sanctions. TEX. R. CIV. P. 13. Failing to object to the form of the sanctions order, however, waives any error. *Robson v. Gilbreath*, 267 S.W.3d 401, 407 (Tex. App.—Austin 2008, pet. denied). There is no objection in the record about the form of the sanctions award. Accordingly, Grotewold has waived any error concerning the order's failure to specify what action or actions were being sanctioned. Because the order does not support Grotewold's claim that the trial court sanctioned Meyer for failing to disclose matters concerning her mental health, this cannot be a basis for determining that the trial court abused its broad discretion by denying Grotewold's motion for continuance.

We overrule Grotewold's second issue.

## Conclusion

We reverse the trial court's calculation of Grotewold's child support obligations and render the corrected amount. We affirm the remaining portions of the judgment.


Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Brown.