YVONNE T. RODRIGUEZ, Justice
Tanda Stringfellow appeals the monthly child support set by the trial court. In her single point of error, Appellant argues that the trial court erroneously calculated the monthly child-support payment. For the following reasons, we reverse and remand.
BACKGROUND
This case involves a simple miscalculation of child-support. Tanda and Shane Stringfellow married in 1992 and had two children during their marriage. Tanda filed for divorce. The trial court named Tanda and Shane joint managing conservators with standard visitation. Shane was ordered to pay $1,460.91 per month in child support until the oldest child turned 18 or graduated from high school, then it would be reduced to $1,168.73. Shane was also ordered to provide health insurance for both children.
Tanda requested that the trial court issue findings of fact. The findings of the trial court are in relevant part as follows:
1. Respondent testified that he made $174,000.00 in 2013;
2. Section 154.125 of the Family Code tells me that the presumptive amount established by the Guidelines is to be applied on the first $8,550.00 of net resources of the Obligor.
3. Section 154.126 tells me that for the amount that exceeds $8,550.00 per month of net resource[s] I should do the following: [ ]Without further reference to the percentage recommended by these guidelines, the court may order additional amounts of child support as appropriate, depending on the income of the parties AND the proven needs of the child.
4. Mr. Hatcher, petitioner's attorney, offered no proof on the need of the child or children of the marriage.
5. Because I read Section 154.126 as requiring me to consider not only the income of the parties, but also the PROVEN NEEDS of the child, I felt I was required to follow the Guidelines on the $8,550.00 per month and base the child support on that amount.
6. My calculations were as follows: The chart concerning what are deductible from net does not have an amount for $8,550.00, so I used the amounts provided for $8,000.00. That amount is $5,935.60. By cross multiplying I found the amount to be $6,343.67. From that I subtracted the $500.00 that Respondent testified he paid for healthcare insurance that includes the children. That gave me the amount of $5,843.67, which I multiplied by 25% as stated in the Guidelines for 2 children. That gave me the $1,460.91 which I am ordering for the 2 children. When the oldest child reaches 18 or graduates, the child support will *118 be $1,168.73, based on the Guidelines instructing me the percentage is 20%.
Tanda appealed, claiming that the trial court miscalculated Shane's child support obligation by conflating his net monthly income with his gross monthly wages in determining child support under the guidelines.
DISCUSSION
Standard of Review
The only issue in this case is whether the trial court correctly calculated the amount of child support.[1] We acknowledge that the trial court is afforded wide discretion in determining child support, and we review its determinations under the abuse of discretion standard. In re M.A.S. , 233 S.W.3d 915, 921 (Tex.App.-Dallas 2007, pet. denied). A trial court abuses its discretion if its decision is arbitrary or unreasonable, or if it was made without reference to guiding rules or principles. Trumbull v. Trumbull , 397 S.W.3d 317, 319 (Tex.App.-Houston [14th Dist.] 2013, no pet.).
Applicable Law
The Texas Family Code provides guidelines to trial courts in calculating monthly child support obligations and these guidelines are presumed reasonable. TEX.FAM.CODE ANN. § 154.122(a) (West 2014). The first step in determining monthly child support obligations is to calculate the gross annual income of the obligor parent. TEX.FAM.CODE ANN. § 154.061(a) (West 2014); Grotewold v. Meyer , 457 S.W.3d 531, 533-34 (Tex.App.-Houston [1st Dist.] 2015, no pet.). From the annual gross income of the obligor parent we divide by 12 to reach the monthly average, referred to as monthly gross wages. TEX.FAM.CODE ANN. § 154.061(a). The code requires the Office of the Attorney General to promulgate annual charts that compute net monthly income by deducting certain taxes from monthly gross wages. TEX.FAM.CODE ANN. § 154.061(b). Once net monthly income is determined the Texas Family Code allows further deductions, such as health insurance premiums for the child or union dues of the obligor parent. TEX.FAM.CODE ANN. § 154.062(d) (West Supp. 2016). Once the final net monthly income after these deductions is computed, the court applies the child support percentage guidelines under the statute to this amount. TEX.FAM.CODE ANN. § 154.125(b) (West Supp. 2016). The statute provides that the obligor parent will pay 20 percent of net monthly income for a single child, 25 percent for two children, 30 percent for three, and so on, with some discretion given to the court when the obligor has six or more children. Id. It further provides that the guidelines are presumptively in the child's best interest when the obligor's net monthly income does not exceed $8,550.[2] TEX.FAM.CODE ANN. §§ 154.125(a), 154.122. If the obligor's income exceeds that amount, the court still presumptively applies the guidelines to $8,550 to calculate child support obligations, however may order additional amounts above $8,550 based on the income of the parties and the proven needs of the child. TEX.FAM.CODE ANN. § 154.126(a).
Analysis
Appellant argues that the trial court confused the presumptive net monthly income limit with monthly gross wages, *119 thereby applying the child support guidelines to a lower gross monthly amount than mandated by the code. She contends Appellee's net monthly income is greater than $8,550, and the trial court should have (1) applied the guidelines to $8550 net monthly resources and (2) not deducted Appellee's payment of the childrens' medical insurance premiums. The trial court found that Appellee made $174,000 in 2013, which constituted his gross annual resources. Averaging this amount, his 2013 monthly gross wages are $14,500. TEX.FAM.CODE ANN. § 154.061(a). Because Appellant did not offer any evidence to show the proven needs of the child, the trial court was not required to consider Appellee's actual gross monthly income, and therefore, pursuant to the guidelines, apply the cap of $8,550 net monthly resources. But the trial court miscalculated by using the $8,550 figure as Appellee's monthly gross wages, which in turn allowed the trial court to reach the erroneous conclusion that Appellee's net monthly income was $6,343.67. See TEX.FAM.CODE ANN. § 154.061(a). However, his monthly gross income is actually $14,500, his net monthly resources would have been $10,430.77, well above the presumptive "cap" of $8,550 for net monthly resources. Id. Therefore, Appellee's proper net monthly income under the chart was $8,550, as Appellant urges, not $6,343.67. We find that the trial court abused its discretion. TEX.FAM.CODE ANN. § 154.126(a).
Second, Appellant asserts that Appellee is not entitled to a deduction of the $500 he pays monthly in health insurance premiums for the children. Her reasoning is that Appellee's actual resources are higher than $8,550 and he should therefore not benefit from this deduction. She cites two cases to support this proposition, but neither case is on point. In the first case, Swaab v. Swaab , the relevant issue was how to average gross monthly income when the obligor's income greatly fluctuates. Swaab v. Swaab , 282 S.W.3d 519, 526 (Tex.App.-Houston [14th Dist.] 2008, pet. dism'd w.o.j.). Although the court mentions that it is appropriate to apply the percentage guidelines to the cap, health insurance deductions were not discussed. Id. , at 526-27. In the second case cited, the relevant issue was not deductions under Section 154.062(d), but whether the additional child support ordered by the trial court was based on the proven needs of the child. Abalos v. Abalos , No. 11-11-00330-CV, 2013 WL 6178509, at *3 (Tex.App.-Eastland Nov. 21, 2013, no pet. h.) (mem. op.).
In fact, Section 154.062 requires the trial court to deduct children's health insurance premiums from the obligor's net resources. TEX.FAM.CODE ANN. § 154.062(d). Moreover, the courts have strictly applied Section 154.062(d). Trumbull v. Trumbull , 397 S.W.3d 317, 321 (Tex.App-Houston [14th Dist.] 2013, no pet.) ; In re M.A.S. , 233 S.W.3d 915, 922 (Tex.App.-Dallas 2007, pet. denied) ; In re C.B.M. , 14 S.W.3d 855, 860 (Tex.App.-Beaumont 2000, no pet.). Consequently, we find Appellant's argument that health insurance premiums should not be deducted from Appellee's net resources unpersuasive.
The trial court should have taken Appellee's presumptive net monthly income of $8,550 and deducted his $500 in monthly health insurance premiums from that number, to arrive at a net monthly income of $8,050. TEX.FAM.CODE ANN. § 154.062(d)(5) ; In re M.A.S. , 233 S.W.3d at 922. Because Appellee has two children entitled to support, the statute requires that we multiply his net monthly income of $8,050 by 25 percent, giving us the proper monthly child support obligation of $2,012.50. TEX.FAM.CODE ANN. § 154.062(b). Once the oldest child turns 18 or graduates from high school, the amount would be reduced to *120 $1,610 a month by multiplying $8,050 by 20 percent, which is the appropriate percentage for one child under the guidelines. Id. Thus, Appellant's issue is sustained insofar as the trial court erred in calculating the correct monthly child support obligation.
CONCLUSION
We reverse the trial court's judgment only as to the calculation of the monthly child support obligation, and remand this case to the trial court for further proceedings consistent with this opinion.
Hughes, J., Not Participating

Appellee raised several cross-points in his brief which were dismissed for failure to file a notice of appeal as required by Texas Rule of Appellate Procedure 25.1.

$8,550 is the applicable amount under the guidelines which took effect September 1, 2013. Tex.Fam.Code Ann. § 154.061 (West 2014).