

# NUMBER 13-22-00060-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JORGE A. RESENDIZ JR,                                                    Appellant,

v.

MANDI MARIE MARTINEZ,                                              Appellee.

### On appeal from the 135th District Court
### of DeWitt County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Jorge A. Resendiz Jr. challenges the trial court's final divorce decree arguing the trial court abused its discretion by: (1) ordering that appellee Mandi Marie Martinez determine when, where, "and even if" Resendiz can see his children and that said visitation be supervised; (2) naming Martinez sole managing conservator; (3) ordering an amount of child support that deviated from the guidelines; and

(4) inequitably dividing the estate of the parties. We affirm in part and reverse and remand in part.

## I. Background

Martinez filed for divorce from Resendiz and sought to be named joint managing conservators of their children A.R. and C.R.[1] After Martinez filed her petition for divorce, she and Resendiz agreed to temporary orders which were signed by the trial court in January 2021. In the temporary orders as it relates to conservatorship and possession of the children, the parties agreed to be joint managing conservators with a modified standard possession order. Subsequently, after an evidentiary hearing held on October 28, 2021, the trial court entered a final decree of divorce that appointed Martinez as sole managing conservator and Resendiz as possessory conservator. At the time the order was entered, Resendiz was in custody in federal prison. The decree stated that during his incarceration, Resendiz was not entitled to possession of or access to the children and that upon his release, any periods of possession or access to the children would be at "times and locations agreed upon in advance by" Mandi and under her supervision. The decree further ordered Resendiz to pay $800 per month in child support.

As it related to the division of property, Martinez was awarded the vast majority of the property, including, but not limited to, the martial home and all of its contents, all lawn equipment, and two vehicles. Resendiz was awarded: a kayak, fishing gear, a Yeti cooler, all personal effects in his possession, all sums of cash in his possession, and all life insurance policies insuring his own life.

---

[1] To protect the identity of the minor children, we refer to the children by their initials or an alias. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(a).

2

Resendiz filed a motion for new trial, which was denied by operation of law. This appeal followed.[2]

## II.   CONSERVATORSHIP AND POSSESSION

By his first two issues, Resendiz challenges the trial court's determinations related to conservatorship and possession of the children.

## A.   Standard of Review & Applicable Law

"The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." *In re J.J.R.S.*, 627 S.W.3d 211, 218 (Tex. 2021) (quoting TEX. FAM. CODE ANN. § 153.002). "[C]onservatorship determinations are 'intensely fact driven.'" *Id.* (quoting *Lenz v. Lenz*, 79 S.W.3d 10, 19 (Tex. 2002)). For this reason, "the trial court is in the best position to 'observe the demeanor and personalities of the witnesses and can "feel" the forces, powers, and influences that cannot be discerned by merely reading the record.'" *Id.* (quoting *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.)). "A trial court's determination of what is in the child's best interest, specifically the establishment of terms and conditions of conservatorship, is a discretionary function." *Id.* "The trial court's judgment will be reversed only when it appears from the record as a whole that the court has abused its discretion." *Id.*

"A trial court abuses its discretion when it acts 'without reference to any guiding rules or principles; or in other words, [when it acts] arbitrarily or unreasonably.'" *Id.* (alteration in original) (quoting *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per

---

[2] Martinez has not filed a brief to assist this Court in the resolution of this matter.

curiam)); *see also Lee v. Melinda A.S.*, No. 02-14-00135-CV, 2015 WL 7820584, at *10 (Tex. App.—Fort Worth Dec. 3, 2015, no. pet.) (mem. op.). An abuse of discretion occurs when "[a] trial court . . . imposes restrictions that exceed those required to protect the child's best interest." *In re B.O.*, No. 02-16-00485-CV, 2017 WL 2590571, at *30 (Tex. App.—Fort Worth June 15, 2017, no pet.) (mem. op.) (citing *In re H.D.C.*, 474 S.W.3d 758, 764 (Tex. App.—Houston [14th Dist.] 2014, no pet.)). To determine whether a trial court abused its discretion in modifying a parent's possession, we look to whether the trial court had sufficient information on which to exercise its discretion, and, if so, whether it acted reasonably in applying its discretion based on the information before it. *In re M.M.S.*, 256 S.W.3d 470, 476 (Tex. App.—Dallas 2008, no pet.). Challenges to the legal and factual sufficiency of the evidence are not independent grounds of review but are relevant factors in determining whether the trial court abused its discretion. *Id.* "There is no abuse of discretion so long as some evidence of a substantive and probative character supports the trial court's decision." *Id.*

The relationship between parent and child is constitutionally protected. *Quilloin v. Walcott*, 434 U.S. 246, 255 (1978). A parent's right to the care and custody of his child is a fundamental liberty interest more precious than property rights. *In re M.S.*, 115 S.W.3d 534, 547–48 (Tex. 2003) (citing *Santosky v. Kramer*, 455 U.S. 745, 758–59 (1982)). It is the public policy of the state of Texas to maintain ongoing, healthy relationships between parents and children where it is shown to be appropriate. TEX. FAM. CODE ANN. § 153.001. The findings necessary to support the trial court's conservatorship decisions against the parent need be supported by only a preponderance of the evidence, rather than clear and

4

convincing evidence. *See id.* § 105.005; *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). Under this standard, "evidence is legally sufficient when it would 'enable reasonable and fair-minded people to reach the verdict under review'" and is "factually insufficient 'only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.'" *In re J.A.J.*, 243 S.W.3d at 611 (first quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005), then quoting *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam)).

## B.    Analysis

Resendiz argues that there was insufficient evidence to rebut the presumption that the standard possession order is in the childrens' best interest and provides the reasonable minimum possession of a child for a parent named as joint managing conservator. Tex. Fam. Code Ann. § 153.252. Resendiz contends that there was no evidence to support the trial court's deviation from the standard possession order, nor to support the modification of the parties from joint managing conservators to Martinez as sole managing conservator and Resendiz as possessory conservator.

### 1.    Possession

At the hearing for final orders, Martinez's testimony as it related to possession and visitation was as follows:

| | |
|---|---|
| [Martinez's Counsel]: | And it will just be upon [Resendiz's] release. It will be at your discretion as to days and times that he might have visits? |
| [Martinez]: | Yes. |
| [Martinez's Counsel]: | And it will be at your discretion to supervise those visits or designate somebody to supervise |

5

those visits; is that correct?

[Martinez]: Yes, ma'am.

[Martinez's Counsel]: And do you think that's in the best interest of the children?

[Martinez]: Yes.

. . .

[Resendiz's Counsel]: Okay. And with regards to the children, after you and Mr. Resendiz separated, was Mr. Resendiz visiting with the children?

[Martinez]: Yes, he was.

[Resendiz's Counsel]: How often was he visiting?

[Martinez]: Every other weekend, and then I—we also had a very good communication when it was just, you know, [h]ey, the kids miss you. Come pick them up. And he would go pick them up. So[,] I wasn't opposed to that either.

[Resendiz's Counsel]: Okay. Were there any problems with your children coming back from the visits?

[Martinez]: Besides their attitudes, no.

[Resendiz's Counsel]: Were they otherwise fed and treated properly?

[Martinez]: Yes, of course.

[Resendiz's Counsel]: Okay. But you're asking that the visits, once he's released, be kind of limited at your discretion, correct?

[Martinez]: Yes.

[Resendiz's Counsel]: Why is it that you are opposed to him resuming his standard visitation upon his release from prison?

6

[Martinez]: Just like I had just mentioned, the kids, whenever me and their father were married, they listened and endured a lot of verbal abuse. And so technically whenever they do come back, I would always see a different version of them and what their father would allow and manners of, like, speaking terms, like, how they spoke to me, the type of aggression that they had towards me. So[,] it would just make me consider, like, what was actually being said whenever he—whenever they were with him.

[Resendiz's Counsel]: Did you at any point stop the visitation?

[Martinez]: No.

Resendiz argues that on this testimony alone, there was insufficient evidence to support the trial court's order deviating from the standard possession order. While a trial court is given wide latitude in determining issues pertaining to possession and access, there is a rebuttable presumption that the standard possession order: (1) provides reasonable minimum possession of a child for a parent named as a possessory conservator or joint managing conservator; and (2) is in the best interest of the child. TEX. FAM. CODE ANN. § 153.252. The trial court may deviate from the standard possession order if there is sufficient evidence to rebut the presumption. *See In re N.P.M.*, 509 S.W.3d 560, 564 (Tex. App.—El Paso 2016, no pet.). When deviating from the standard possession order, the trial court may consider: (1) the age, developmental status, circumstances, needs, and best interest of the child; (2) the circumstances of the managing conservator and of the parent named as a possessory conservator; and (3) any other relevant factor. TEX. FAM. CODE ANN. § 153.256. We analyze the best interest of the children using the *Holley* factors, as relevant here: (1) the children's desires, (2) the

7

children's present and future emotional and physical needs, (3) emotional and physical danger posed to the children now and in the future, (4) the parenting abilities of the individuals seeking custody, (5) programs available to assist the would-be parents, (6) the individuals' or agency's plans for the child, (7) the stability of the proposed homes, (8) any acts or omissions by the parent that might show an improper parent–child relationship, and (9) any excuse for such acts or omissions. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).

> Section 153.006(c) of the Family Code allows the trial court to issue a nonspecific order regarding a possessory conservator's possession and access when "good cause" exists, *see* TEX. FAM. CODE ANN § 153.006(c), while section 153.193 places an outer limit on the permissible scope of restrictions on a parent possessory conservator's rights: such "restrictions or limitations on a parent's right to possession of or access to a child may not exceed those that are required to protect the best interest of the child," *id.* § 153.193. Thus, in rare cases, a severe restriction or limitation is permissible if it is in the best interest of the child. *See In re Walters*, 39 S.W.3d 280, 286 n.2 (Tex. App.—Texarkana 2001, no pet.).

*In re J.J.R.S.*, 627 S.W.3d 211, 220 (Tex. 2021), cert. denied sub nom. *R.S. C. v. Tex. Dep't of Fam. & Protective Servs.*, 212 L. Ed. 2d 24, 142 S. Ct. 1139 (2022).

The evidence before the trial court is Martinez's testimony that she did not like the "manners" of the children after they visited with Resendiz. Martinez also stated the children witnessed and endured "verbal abuse" during her marriage with Resendiz, however Martinez did not elaborate, and that was the extent of her testimony regarding the children witnessesing and enduring "verbal abuse." To the contrary, Martinez further testified that during his periods of possession, Resendiz cared for the children and treated them properly. Additionally, she explained that the children would inform her that they missed Resendiz and she would communicate that to Resendiz and he would take the

8

children for a visit. Martinez's testimony sets forth that the children desired to see Resendiz, that their needs were met, and that Resendiz cared for them properly during his periods of possession. This evidence, when viewed in light of the *Holley* factors, does not rebut the presumption that a standard possession order was proper.[3]

Additionally, the order put into place by the trial court allows Martinez to determine when, where, and how often Resendiz is allowed to see his children and effectively denies Resendiz's access to his children. Many of our sister courts have held that such an order, which could allow the other parent to deny access to the children completely, *absent sufficient evidence*, is an abuse of discretion. *See In re A.P.S.*, 54 S.W.3d 493, 498 (Tex. App.—Texarkana 2001, orig. proceeding) (finding that the trial court's order allowing father "complete discretion" over mother's possession of children was an abuse of discretion); *In re Lemons*, 47 S.W.3d 202, 206 (Tex. App.—Beaumont 2001, orig. proceeding) (explaining that the trial court's order giving father "complete discretion to determine when, where, and if" mother may have possession or access to child constituted an abuse of discretion); *Roosth v. Roosth*, 889 S.W.2d 445, 451-52 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (providing that the trial court's order requiring mother's approval for father's visitation, which was not enforceable by contempt, was erroneous); *Wright v. Wentzel*, 749 S.W.2d 228, 234 (Tex. App.—Houston [14th Dist.] 1988, no writ) (holding that the trial court's order making mother's visitation

---

[3] The trial court also heard testimony from Martinez that Resendiz was incarcerated in federal prison. The record does not provide Resendiz's release date or the terms of his incarceration. The parties agreed, and Resendiz does not dispute on appeal, that the terms of the possession order would not be in effect until his release from federal prison. The parties agreed that the children would not see Resendiz during his period of incarceration.

9

contingent on father's consent was error); *Hill v. Hill*, 404 S.W.2d 641, 643 (Tex. Civ. App.—Houston [1st Dist.] 1966, no writ) (holding that the trial court's order making father's visitation contingent on mother's prior written consent denied father the ability to enforce the judgment by contempt and was an abuse of discretion). An order providing Martinez sole discretion to determine when, where, and if Resendiz would have visitation is not inherently an abuse of discretion; however, such a secerely restrictive order constitutes an abuse of discretion absent sufficient evidence that it was in the best interests of the children. *See Interest of J.J.R.S.*, 627 S.W.3d at 221.

The trial court is required to fashion an order that specifically articulates the times and conditions of Resendiz's access to the children upon his release from incarceration. *See* TEX. FAM. CODE ANN. § 153.006. Because the order in the present case severely restricts and limits Resendiz's access to the children, because these restrictions and limitations were not shown to be in the children's best interests, and because good cause as to why specific orders were inappropriate was not shown, we find that the trial court abused its discretion. *See Interest of J.J.R.S.*, 627 S.W.3d at 221.

Resendiz's first point of error is sustained.

### 2. Conservatorship

Both Martinez's testimony and her pleadings requested that she and Resendiz be named joint managing conservators of the children. Resendiz contends that the trial court erred in appointing Martinez as sole managing conservator and Resendiz as possessory conservator absent sufficient evidence to determine such an appointment was in the best interests of the children.

It is presumed that the appointment of both parents of a child as joint managing conservators is in the best interest of the child unless the court finds the appointment would not be in the best interest of the child because it would significantly impair the child's physical health or mental development. *See* TEX. FAM. CODE ANN. § 153.131(a). "When determining fitness of a parent, the material time to consider is the present." *In re K.R.B.*, No. 02-10-00021-CV, 2010 WL 3928727, at *5 (Tex. App.—Fort Worth Oct. 7, 2010, no pet.) (mem. op.). At the time that the court entered its final decree, it was undisputed that Resendiz was incarcerated in federal prison. Accordingly, at the present time, he was unable to care for the children and it was not an abuse of discretion to designate Resendiz as a possessory conservator.

We overrule Resendiz's second issue.[4]

### III.  CHILD SUPPORT

By his third issue, Resendiz challenges the trial court's order setting child support in the amount of $800 per month. Resendiz argues that the amount awarded was not supported by the evidence and testimony presented and accordingly was unreasonable in light of the guidelines in the Texas Family Code. *See* TEX. FAM. CODE ANN. § 154.121.

**A.  Standard of Review & Applicable Law**

Most of the appealable issues in a family-law case, including issues related to child support, are reviewed for an abuse of discretion. *Reddick v. Reddick*, 450 S.W.3d 182, 187 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Thus, we will not disturb a trial court's

---

[4] We note that upon his release from federal prison, Resendiz has the option of seeking a modification of the order establishing conservatorship or possession and access. *See* TEX. FAM. CODE ANN. § 156.101. We pass no judgment on the merits of any such claim, should Resendiz choose to pursue a modification.

modification of a child support obligation absent a clear abuse of discretion. *See In re K.M.B.*, 606 S.W.3d 889, 894 (Tex. App.—Dallas 2020, no pet.); *In re H.J.W.*, 302 S.W.3d 511, 513 (Tex. App.—Dallas 2009, no pet.); *Holley*, 864 S.W.2d at 706. A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without any reference to guiding rules and principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). In making this determination, we view the evidence in the light most favorable to the trial court's decision and indulge every legal presumption in favor of its judgment. *In re K.M.B.*, 606 S.W.3d at 894; *Holley*, 864 S.W.2d at 706.

Challenges to the legal and factual sufficiency of the evidence are not independent grounds of review but are relevant factors in determining whether the trial court abused its discretion. *In re M.M.S.*, 256 S.W.3d at 476. "There is no abuse of discretion so long as some evidence of a substantive and probative character supports the trial court's decision." *Id.*

The Texas Family Code establishes guidelines for setting monthly child support obligations in suits affecting the parent-child relationship. *See Grotewold v. Meyer*, 457 S.W.3d 531, 534 (Tex. App.—Houston [1st Dist.] 2015, no pet.). The first step in determining a monthly child support obligation is to calculate, if feasible, the gross annual resources of the obligor parent. *See* TEX. FAM. CODE ANN. § 154.061(a) (requiring, when feasible, calculation of gross income on annual basis); *Stringfellow v. Stringfellow*, 538 S.W.3d 116, 118 (Tex. App.—El Paso 2017, no pet.); *Grotewold*, 457 S.W.3d at 534; *see also* TEX. FAM. CODE ANN. § 154.062(b) (listing income to be included in calculation of parent's resources). Resources include several types of income, including "all other

12

income actually being received." TEX. FAM. CODE ANN. § 154.062(a), (b); *see also In re P.C.S.*, 320 S.W.3d 525, 537 (Tex. App.—Dallas 2010, pet. denied) (noting that the language of Texas Family Code § 154.062(b) indicates the Legislature intended "all receipts of money that are not specifically excluded by the statute . . . whether nonrecurring or periodic, whether derived from the obligor[ ][parent's] capital or labor or from that of others, must be included in the definition of 'resources'").

Pursuant to Texas Family Code § 154.068:

(a)     In the absence of evidence of a party's resources, as defined by Section 154.062(b), the court shall presume that the party has income equal to the federal minimum wage for a 40-hour week to which the support guidelines may be applied.

(b)     The presumption required by Subsection (a) does not apply if the court finds that the party is subject to an order of confinement that exceeds 90 days and is incarcerated in a local, state, or federal jail or prison at the time the court makes the determination regarding the party's income.

TEX. FAM. CODE ANN. § 154.068.

In this case, the trial court made no findings of fact, and Resendiz requested none. *See* TEX. R. CIV. P. 296, 297. "Therefore, we assume the trial court found all facts to support the judgment, and we will affirm the judgment if there is any legal theory supported by the record to justify it." *See In re M.M.*, 980 S.W.2d 699, 700 (Tex. App.—San Antonio 1998, no pet.).

**B.     Analysis**

Resendiz contends that the trial court lacked sufficient evidence to calculate his net resources, because no evidence established his income or capability for earning income. He maintains that, in the absence of such evidence, the trial court was required

13

to "presume that [he] has wages or salary equal to the federal minimum wage for a 40–hour week." TEX. FAM. CODE ANN. § 154.068.

We agree that the record reveals no evidence concerning Resendiz's employment, wages, salary, or income. No documents were submitted into evidence demonstrating Resendiz's monthly salary. Martinez testified that prior to Resendiz's incarceration, "he had a very good income" but went on to state that she "didn't really understand or know about" Resendiz's occupation or source of income. While Martinez made an assertion that she believed Resendiz had "about $200,000" in cash savings somewhere, there was no calculation regarding Resendiz's net resources. Because the record contains no evidence of Resendiz's salary, wages, or earning income, we conclude there was insufficient evidence to support the trial court's order that Resendiz pay $800 per month in child support. *See Miles v. Peacock*, 229 S.W.3d 384, 390 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("There must be some evidence of a substantive and probative character of net resources" in order for the trial court to discharge its duty to calculate monthly net resources).

We sustain Resendiz's third issue.

## IV.    DIVISION OF PROPERTY

In his fourth and final issue, Resendiz argues that the trial court erred in awarding a "grossly disproportionate share of the parties' community estate" to Martinez.

### A.    Standard of Review & Applicable Law

We review a trial court's division of marital property in a divorce proceeding for an abuse of discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). A trial court enjoys

14

wide latitude in dividing the marital estate, and we presume that the trial court properly exercised its discretion in reaching its decision. *Id.* at 698–700. Accordingly, we will not overturn that decision unless the complaining party demonstrates that it was so unjust and unfair as to constitute an abuse of discretion. *Id.* at 698, 700; *Mann v. Mann*, 607 S.W.2d 243, 245 (Tex. 1980).

A trial court is required to divide the marital estate in a manner that it deems "just and right." TEX. FAM. CODE ANN. § 7.001. Although a trial court does not have to divide the marital estate equally, it must do so equitably. *Murff*, 615 S.W.2d at 699; *O'Carolan v. Hopper*, 71 S.W.3d 529, 532 (Tex. App.—Austin 2002, no pet.). If a trial court chooses to divide the marital estate unequally, there must be some reasonable basis for doing so. *O'Carolan*, 71 S.W.3d at 532. In deciding whether a reasonable basis exists for an unequal division of the marital estate, a trial court may consider many factors, including: (1) the spouses' capacities and abilities; (2) benefits that the party not at fault would have derived from the continuation of the marriage; (3) business opportunities; (4) relative physical conditions; (5) relative financial conditions; (6) disparity of ages; (7) size of separate estates; (8) the nature of the property; and (9) disparity of income or earning capacity. *Murff*, 615 S.W.2d at 699.

To evaluate the trial court's "just and fair" division, the analysis typically begins with the values of the various marital assets. *See Wells v. Wells*, 251 S.W.3d 834, 841 (Tex. App.—Eastland 2008, no pet.). "The party complaining of the division of the community estate has the burden of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of

15

discretion." *See In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d 373, 384 (Tex. App.—Dallas 2013, no pet.).

**B.     Analysis**

The trial court awarded to Martinez the marital home and all "furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment" therein, her Dodge Charger, Resendiz's truck, a smoker pit, lawn equipment, garage equipment, the pool and accessories, a trailer, and all possessions subject to her sole control. Martinez also took on the remaining debt on the portion of the estate awarded to her. Resendiz was awarded a kayak, his fishing gear, a Yeti cooler, and the possessions subject to his sole control such as his cash, clothing, and jewelry. Resendiz was also ordered to pay Martinez $6,500 on the day of divorce "to equalize the division."

"It is difficult—if not impossible—to determine whether the trial court abused its discretion by dividing the marital estate when we do not know what percentage of the marital assets either party received." *Wells v*, 251 S.W.3d at 841. Here, however, the record does not include the value of any of the parties' respective or marital assets. Nor is there any evidence in the record about the parties' debt, though there was testimony from Martinez that there was at least one vehicle loan and a mortgage on the home. It was Resendiz's burden to demonstrate that the trial court's division of the community estate was so unjust and unfair, such that the trial court abused its discretion. *See In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d at 384 Absent these valuations, Resendiz cannot demonstrate from the record that the trial court erred in its division of the marital estate. *See id.* Without such evidence we cannot say the division of the marital estate

16

was disproportionate, much less an abuse of discretion. *See id.*

We overrule Resendiz's fourth issue.

## V. CONCLUSION

We reverse the trial court's order as it relates to possession and remand the cause for the trial court to to fashion an order that specifically articulates the times and conditions of Resendiz's access to the children upon his release from incarceration. We further reverse the trial court's order setting forth Resendiz's child support obligations and remand for further proceedings to determine Resendiz's net resources. In all other respects, we affirm the order of the trial court.

NORA L. LONGORIA
Justice

Delivered and filed on the
27th day of July, 2023.